**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KYLE VILLARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP, <br><br> Defendants. | CASE No.: 1:19-CV-07319-ER <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TERRY COUNCIL TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL <br><br> <u>CLASS ACTION</u> |

Plaintiff Terry Council ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class of all purchasers of the publicly traded securities of Abiomed, Inc. ("Abiomed" or the "Company") between January 31, 2019 and July 31, 2019, both dates inclusive (the "Class Period"); and

1

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on August 6, 2019 against the Company, Michael R. Minogue ("Minogue"), and Todd A. Trapp ("Trapp") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Abiomed purports to research, develop, and sale medical devices to assist or replace the pumping function of a failing heart, and also provides continuum of care to heart failure patients. Abiomed offers, among other things, catheters and micro heart pumps under the Impella brand with integrated motors and sensors for use in interventional cardiology. The Company sells its products through direct sales and clinical support personnel in the United States, Canada, Europe, and Asia.

The complaint alleges that during the Class Period Defendants made false and misleading statements and/or failed to disclose that: (1) Abiomed's revenue growth was in decline; (2) the Company did not have a sufficient plan in place to stem its declining revenue growth; (3) the Company was unlikely to restore its revenue growth over the next several fiscal quarters; (4) consequently, Abiomed was reasonably likely to revise its full-year 2020 guidance in a way that would fall short of the Company's prior projections and market expectations; and (5) as a result of the foregoing, Abiomed's financial statements were materially false and misleading at all relevant times.

On January 31, 2019, Abiomed issued a press release, announcing the Company's financial and operating results for the third quarter of fiscal year 2019 (the "3Q 2019 Press

2

Release"). The 3Q 2019 Press Release reported "third quarter fiscal 2019 revenue of $200.6 million, an increase of 30% compared to revenue of $154.0 million for the same period of fiscal 2018."

On May 2, 2019, Defendants issued a press release announcing the Company's financial and operating results for its fourth quarter and full fiscal year 2019 (the "4Q/FY 2019 Press Release"). The 4Q/FY 2019 Press Release reported "fourth quarter fiscal 2019 revenue of $207.1 million, an increase of 19% compared to revenue of $174.4 million for the same period of fiscal 2018". Despite yet another decrease in revenue growth from the quarter prior, Defendants continued to assure investors that the Company had a plan of action to remediate the negative trend in its financial results moving forward. Based on the Company's corrective action plan, Abiomed provided fiscal year 2020 guidance for total revenues to be in the range of $900 million to $945 million, an increase of 17% to 23% over the prior year, and GAAP operating margin to be in the range of 29% to 31%.

On August 1, 2019, pre-market, Defendants issued a press release announcing the Company's financial and operating results for the first quarter of fiscal year 2020 (the "1Q 2020 Press Release"). Among other results, the 1Q 2020 Press Release disclosed Abiomed's third consecutive quarter of slowing revenue growth, reporting "first quarter fiscal 2020 revenue of $207.7 million, an increase of 15.4% compared to revenue of $180.0 million for the same period of fiscal 2019". This represented a significant decrease in revenue growth from 2Q 2019. Commenting on the Company's surprising financial result disappointment, the Company's Chairman, President and CEO, Defendant "Minogue," revealed that the Company's "new training programs, organizational changes in distribution, and [] external initiatives… will require time to drive more growth in the future." The Company also slashed its previously issued

full-year 2020 guidance from total revenues in the range of $900-945 million to total revenues in the range of $885-925 million, which fell roughly $22 million short of market expectations.

On this news, Abiomed's stock price fell $73.69 per share, or 26.45%, to close at $204.87 per share on August 1, 2019. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $45,133.20 in connection with his purchases of Abiomed securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Abiomed securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Abiomed's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

6

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Abiomed's securities and is therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

7

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including filing the initial complaint, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 7, 2019                    Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**

                                          /s/ Phillip Kim
                                          Phillip Kim, Esq. (PK 9384)
                                          Laurence M. Rosen, Esq. (LR 5733)
                                          275 Madison Avenue, 40th Floor
                                          New York, New York 10016
                                          Telephone: (212) 686-1060
                                          Fax: (212) 202-3827
                                          Email: pkim@rosenlegal.com
                                          Email: lrosen@rosenlegal.com

                                          *[Proposed] Lead Counsel for Lead Plaintiff
                                          and Class*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim