**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-7319- ER |
| Plaintiff, | |
| v. | |
| ABIOMED, INC.; MICHAEL R. MINOGUE; and TODD A. TRAPP, | |
| Defendants. | |
| JOSEPH BARRY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-9258 |
| Plaintiff, | |
| v. | |
| ABIOMED, INC.; MICHAEL R. MINOGUE; and TODD A. TRAPP, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOSEPH BARRY'S**
**MOTION FOR CONSOLIDATION, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................... 1

FACTUAL BACKGROUND.......................................................................................... 2

LEGAL STANDARD.................................................................................................... 3

ARGUMENT................................................................................................................ 5

    I.       THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................5

    II.      BARRY IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD
          BE APPOINTED LEAD PLAINTIFF....................................................................5

          A.     Barry Filed a Timely Motion .....................................................................5

          B.     Barry Has the Largest Financial Interest in the Relief Sought
                by the Class .................................................................................................6

          C.     Barry Satisfies Rule 23 ...............................................................................7

    III.    BARRY'S SELECTION OF LEAD COUNSEL SHOULD BE
          APPROVED ........................................................................................................8

CONCLUSION............................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Constance Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ...................................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ...............................................................................................7, 8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................................6

*Peters v. Jinkosolar Holding Co., Ltd.*,
    No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ......................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................................................8

*Taft v. Ackermans*,
    No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ......................................8

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015)............................................................................................9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................................................6, 7

**Statutes, Rules, and Regulations**

15 U.S.C.
    §78u-4(a)(1) ...................................................................................................................................4
    §78u-4(a)(3)(A)(i)...................................................................................................................4, 5, 6
    §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I)....................................................................................................4
    §78u-4(a)(3)(B)..........................................................................................................................1, 4
    §78u-4(a)(3)(B)(i) ..........................................................................................................................2
    §78u-4(a)(3)(B)(ii) .........................................................................................................................4
    §78u-4(a)(3)(B)(iii).........................................................................................................................7
    §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ..................................................................................................2, 7
    §78u-4(a)(3)(B)(iii)(II)(aa) ...........................................................................................................8
    §78u-4(a)(3)(B)(v) .........................................................................................................................8

Federal Rules of Civil Procedure
    Rule 23 ....................................................................................................................................2, 7, 8

Putative Class[1] member and Lead Plaintiff movant Joseph Barry ("Barry" or "Movant"), on behalf of himself and all others similarly situated, respectfully submits this Memorandum of Law in support of his motion: (1) consolidated the above-captioned cases; (2) appointing Barry as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired ABIOMED, Inc. ("ABIOMED" or the "Company") securities during the Class Period;[2] (3) approving Barry's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (4) granting such other and further relief as the Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

Presently pending before the Court are the two above-captioned related securities class actions brought on behalf of all persons who purchased or otherwise acquired ABIOMED securities during a certain timeframe (the "Related Actions").  Plaintiffs in the Related Actions allege violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.  The two cases are sufficiently similar that they should be consolidated and proceed together.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff the "most adequate

---

[1]    The "Class" is comprised of all persons or entities other than Defendants who purchased or otherwise acquired ABIOMED, Inc. securities during the Class Period (defined herein). "Defendants" collectively include ABIOMED, Inc., Michael R. Minogue, and Todd A. Trapp.

[2]    Movant seeks to represent Class members included in the longest alleged class period, November 1, 2018 to July 31, 2019, inclusive, (the "Class Period") because it is the "longer, most inclusive class period." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) (finding the most inclusive class period proper in analyzing lead plaintiff motion).

plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(i); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). Barry is the most adequate plaintiff because he timely moved to be lead plaintiff, has the largest financial interest in the litigation (with approximately $222,000 in recoverable losses),[3] and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Barry's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

On August 6, 2019, Plaintiff Kyle Villare ("Villare") filed the first-filed action in this Court, captioned *Villare v. ABIOMED, Inc.*, No. 1:19-CV-7319 (the "*Villare* Action"), on behalf of all persons other than Defendants who purchased or otherwise acquired ABIOMED securities between January 31, 2019 and July 31, 2019, inclusive, asserting claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. ¶1.[4] A similar action was filed by Joseph Barry on October 7, 2019, captioned *Barry v. ABIOMED, Inc.*, No. 1:19-cv-9258 (the "*Barry* Action"), asserting similar claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, on behalf of all persons other than Defendants who purchased or otherwise acquired ABIOMED securities between November 1, 2018 and July 31, 2019, inclusive, against the same Defendants. *Barry* Complaint, ¶1.

---

[3] Movant's certification identifying his ABIOMED transactions during the Class Period, as required by the PSLRA, as well as a chart identifying his losses, are attached to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl."), filed in support hereof, as Exs. B-C, respectively.

[4] All "¶__" and "¶¶__" citations refer to the Class Action Complaint for Violations of Federal Securities Laws filed in the *Villare* Action on August 6, 2019 (ECF No. 1). References to the *Barry* Complaint are indicated as such.

2

Defendant ABIOMED engages in the research, development, and sale of medical devices to assist or replace the pumping function of the failing heart, and also provides continuum of care to heart failure patients.  ¶2.  According to the Complaints, throughout the respective class periods, ABIOMED and two of its executives made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  ¶¶26-41; *Barry* Complaint, ¶¶25-51.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) ABIOMED's revenue growth was in decline; (ii) the Company did not have a sufficient plan in place to stem its declining revenue growth; (iii) the Company was unlikely to restore its revenue growth over the next several fiscal quarters; (iv) consequently, ABIOMED was reasonably likely to revise its full-year 2020 guidance in a way that would fall short of the Company's prior projections and market expectations; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.  ¶41; *Barry* Complaint, ¶51.  As a result of these false and/or misleading statements, ABIOMED securities traded at inflated prices until revelation of the Company's disappointing financial performance following the disclosure of the Company's first quarter 2020 results caused a precipitous decline in market value, thereby causing significant losses and damages to Movant and the other Class members.  ¶¶42-45; *Barry* Complaint, ¶¶52-55.

## LEGAL STANDARD

Under Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)"), consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."

3

15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B).  First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §78u-4(a)(3)(A)(i).  Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, the Court "'shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions.'"  *Alibaba*, 102 F. Supp. 3d at 530 (quoting 15 U.S.C. §78u-4(a)(3)(B)(ii)).  Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process."  *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009).  First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44.  The Rule 23 element of the presumption necessitates only a "'preliminary showing that [the movant] satisfies the typicality and adequacy requirements of Rule 23.'"  *Id.* at 344.[5]  Second, so long as the presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff.  *Id.*  As demonstrated below, Barry meets these requirements and should be appointed to serve as Lead Plaintiff.

---

[5]     Unless otherwise indicated, citations are omitted and emphasis is added.

4

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The Related Actions present very similar factual and legal issues, allege the same violations of the federal securities laws against the same defendants, and are based on an identical revelation of the truth. Because the Related Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. As this Court has noted, "[c]onsolidation is particularly appropriate in the context of securities class actions if the complaints are 'based on the same "public statements and reports"' and defendants will not be prejudiced." *Id.* Accordingly, consolidation under Rule 42(a) is appropriate.

### II.   BARRY IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.   Barry Filed a Timely Motion

On August 6, 2019, the same day the *Villare* Action was filed, a notice of pendency of the action was published on *GlobeNewswire*, a national, business-oriented newswire service. *See* Laughlin Decl., Ex. A. The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met. The Early Notice states that all putative class members seeking to be appointed lead plaintiff are

5

required to move for appointment no later than 60 days from the publication of the Early Notice (*i.e.*, by October 7, 2019). *See id.*

Barry's motion for appointment as Lead Plaintiff is therefore timely filed. Moreover, Barry submits herewith a certification stating his willingness to serve as a representative party on behalf of the class and providing his Class Period transactions. *See* Laughlin Decl., Ex. B. Barry also filed his own related complaint on October 7, 2019.

### B.      Barry Has the Largest Financial Interest in the Relief Sought by the Class

To his knowledge, Barry is the lead plaintiff movant with the largest financial interest in the relief sought by the Class. "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'" *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by the PSLRA certification and charts detailing transactions and losses filed herewith, Barry purchased or otherwise acquired ABIOMED securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Laughlin Decl., Exs. B-C. Specifically, Barry suffered losses of approximately $222,000. *Id.* As to the other factors courts look to, Barry purchased 2,284 shares of ABIOMED during the Class Period, for a total expenditure of approximately $651,781, and retained all of those shares through the end of the Class Period. *Id.*

Barry thus has a significant financial interest in this case.  Moreover, Barry is unaware of any other movant that has sustained greater financial losses in connection with their ABIOMED transactions during the Class Period.  Therefore, Barry has the "largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).

### C.    Barry Satisfies Rule 23

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant.  Consequently, in deciding a motion to appoint lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "'preliminary.'" *Tronox*, 262 F.R.D. at 344.  Barry easily makes this preliminary showing.

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.*  Here, the claims asserted by Barry are typical of the claims of the other members of the putative Class because, like all other Class members, he: (a) purchased or otherwise acquired ABIOMED securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof.  Since Barry's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *See similarly Varghese v. China*

*Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when he possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. Barry is "adequate" to serve as class representative in the instant litigation because his interests are aligned with the interests of the putative Class. Barry, like all other members of the Class, suffered losses as a result of purchasing ABIOMED securities at prices that were artificially inflated due to Defendants' alleged misstatements. Barry will, therefore, benefit from the same relief as other Class members. Barry has also demonstrated that he is an adequate representative by retaining competent and experienced counsel. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Barry has made a *prima facie* showing that he satisfies all of the requirements of Rule 23 for the purposes of this motion.

## III.    BARRY'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id*. at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving

a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Barry has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[6]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

---

[6]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 19-cv-03354 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, 18-cv-11071(S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); and *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.).

In light of the foregoing, the Court should approve Barry's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Barry respectfully requests that the Court: (1) consolidate the above-captioned cases; (2) appoint Barry as Lead Plaintiff on behalf of the consolidated case; (3) approve Barry's selection of counsel, Scott+Scott, as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  October 7, 2019

Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (TL-8888)
Rhiana L. Swartz (RS-2332)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff Movant Joseph Barry*

10

**THE SCHALL LAW FIRM**
Brian Schall
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional   Counsel   for   Lead   Plaintiff   Movant
Joseph Barry*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (TL-8888)

12