**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually, and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP,<br><br>　　　　　　　　　　　　Defendants. | No. 1:19-cv-07319-ER<br><br>**MEMORANDUM OF LAW IN SUPPORT OF BABAK BAMDAD'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND................................................................................................... 2

ARGUMENT............................................................................................................................ 3

I.    BAMDAD SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS............. 3

    A.    The PSLRA's Provisions Concerning the Appointment Of a Lead Plaintiff ............ 3

    B.    Under the PSLRA, Bamdad Should Be Appointed Lead Plaintiff ............................ 4

        1.    Bamdad Filed a Timely Motion................................................................... 4

        2.    Bamdad Has the Largest Financial Interest in the Relief Sought by the Class ........................................................................................................... 5

        3.    Bamdad Meets Rule 23's Typicality and Adequacy Requirements ........... 6

II.   BAMDAD'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED .................................................................................................................. 8

CONCLUSION....................................................................................................................... 11

Babak Bamdad ("Bamdad") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), in support of his motion for the entry of an order appointing Bamdad as Lead Plaintiff and approving Bamdad's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action (the "Action") brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the securities of ABIOMED, Inc. ("ABIOMED" or the "Company") between January 31, 2019 through July 31, 2019, both dates inclusive (the "Class Period").

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the lead plaintiff for the Action "as soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of $581,516.80, *inter alia*, Bamdad, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  Bamdad also satisfies Rule 23's typicality and adequacy requirements.  Bamdad's claims are typical of the Class's claims because he suffered losses on his ABIOMED investment as a result of the defendants' false and misleading statements.  Further, Bamdad has no conflict with the Class and will adequately

---

[1]     Unless stated otherwise, the following conventions apply: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel.  Accordingly, Bamdad is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Bamdad is entitled to select, subject to the Court's approval, lead counsel to represent the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Bamdad has engaged the Faruqi Firm for this purpose.  The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Bamdad's motion should be granted in its entirety.

## FACTUAL BACKGROUND

ABIOMED is a Delaware corporation headquartered in Massachusetts and its securities trade on the NASDAQ under the ticker symbol "ABMD."  ECF No. 1 at ¶¶2, 18.  ABIOMED offers catheters, and micro heart pumps under the Impella brand with integrated motors and sensors for use in interventional cardiology.  *Id.* at ¶¶3, 23-24.

The complaint filed in the Action alleges that during the Class Period defendants knowingly and/or recklessly made materially false and misleading statements and/or failed to disclose that:  (1) ABIOMED's revenue growth was in decline; (2) the Company did not have a sufficient plan in place to stem its declining revenue growth; (3) the Company was unlikely to restore its revenue growth over the next several fiscal quarters; (4) consequently, ABIOMED was reasonably likely to revise its full-year 2020 guidance in a way that would fall short of the Company's prior projections and market expectations; and (5) as a result, the Company's public statements were materially false and misleading at all relevant times.  *Id.* at ¶41.

On August 1, 2019, pre-market open, the truth began to emerge when the Company issued a press release announcing ABIOMED's financial and operating results for the first quarter of the fiscal year 2020. *Id.* at ¶42. Among other things, the press release disclosed ABIOMED's third consecutive quarter of slowing growth representing a decrease in revenue growth of over 58% compared to the 37% increase in revenue reported in the year prior for the same quarter. *Id.* The Company also slashed its previously issued full year 2020 guidance from total revenues in the $900-945 million range to the $885-925 million range. *Id.*

Following this disclosure, Investor's Business Daily published an article raising concern with defendant Minogue's prior public statements entitled, "This Medtech's CEO Promised To 'Correct The Course'—That Didn't Happen." *Id.* at ¶43.

On this news, ABIOMED's stock price fell $73.69 per share, or 26.45%, to close at $204.87 per share on August 1, 2019. *Id.* at ¶44.

Through the Action, Bamdad seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

## I.    BAMDAD SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.    The PSLRA's Provisions Concerning the Appointment Of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

3

Under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Foley*, 272 F.R.D. at 127 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272 F.R.D. at 127.

**B.      Under the PSLRA, Bamdad Should Be Appointed Lead Plaintiff**

As discussed below, Bamdad should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Bamdad holds the largest financial interest of any movant, and Bamdad otherwise satisfies Rule 23's typicality and adequacy requirements.

**1.      Bamdad Filed a Timely Motion**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Action was required to publish notice within twenty (20) days of its filing. Counsel for first-filed plaintiff Kyle Villare published notice of the lead plaintiff deadline via *Globe Newswire* on

4

August 6, 2019. *See* Ex. 1; *see also In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 567 (S.D.N.Y. 2015) (finding publication in *Globe Newswire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before October 7, 2019.[2] *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Bamdad's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Bamdad timely signed and submitted the requisite certification, identifying all of his relevant ABIOMED trades during the Class Period, and detailing Bamdad's suitability to serve as Lead Plaintiff in this case. *See* Ex. 2. The PSLRA's procedural requirements have therefore been met.

### 2. Bamdad Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Foley*, 272 F.R.D. at 127-28; *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have

---

[2]  As the 60th day fell on Saturday, October 5, 2019, Fed. R. Civ. P. 6(a)(1) extends the deadline to Monday, October 7, 2019.

placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Foley*, 272 F.R.D. at 128; *In re GE*, 2009 WL 2259502, at *5.

Overall, during the Class Period, Bamdad purchased 4,350 net and 5,350 total ABIOMED shares, expended $1,399,578.73 in net funds, and suffered total losses of $581,516.80 and *Dura* eligible losses of $584,287.40 when calculated using a last in, first out ("LIFO") methodology. *See* Ex. 3.[3] Bamdad is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.        Bamdad Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss Inv., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

---

[3]        Consistent with the Supreme Court's decision in *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005), courts in this District have recently rejected losses on shares bought and sold before the corrective disclosure alleged in a complaint when evaluating a lead plaintiff movant's financial interest. *See, e.g.*, *Kniffin v. Micron Technology, Inc.*, 379 F. Supp. 3d 259, 264 (S.D.N.Y. 2019) ("[T]he recent trend in this district is for movants to adjust their LIFO calculations to remove any losses arising from securities that were bought and sold before a defendant's corrective disclosure."); *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 531 (S.D.N.Y. 2015) (noting that if "a loss is not *Dura* eligible then it is not redressable" and rejecting inclusion of losses on sales made before revelation that Company was "publicly accus[ed] [] of illegal activity"); *Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) ("Courts consider only recoverable losses when calculating financial loss for the purpose of selecting lead plaintiff.");.

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, the claims of the class representative need not be identical to those of all members of the class." *Blackmoss*, 252 F.R.D. at 191; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Bamdad's claims are clearly typical of the Class's claims. Bamdad purchased ABIOMED securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against ABIOMED and certain of its officers under the federal securities laws. Because the factual and legal bases of Bamdad's claims are similar, if not identical, to those of the Class's claims, Bamdad necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters*

7

*Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, Bamdad's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

Bamdad has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. 4. Consequently, Bamdad is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Bamdad respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.     BAMDAD'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Bamdad has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating

8

complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. 4; *see also*

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401

(S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has

extensive experience in the area of securities litigation and class actions. The firm's resume

indicates that it has litigated more than ten prominent securities class actions since its founding in

1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the

Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *Larkin v.*

*GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm

obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*,

No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and

together with lead counsel in a parallel state action, obtained final approval of a $13 million global

settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where,

as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re*

*Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel,

the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp.*

*Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm

obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*,

No. 12-CV-213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured

the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea*

*Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million

settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the

Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No.

1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class,

secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v. Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (D. Nev.) (appointed as sole lead counsel for the class); *Sharma v. Amarin Corp., plc*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

10

## CONCLUSION

For the foregoing reasons, Bamdad respectfully requests that the Court (1) appoint

Bamdad as Lead Plaintiff; (2) approve Bamdad's selection of the Faruqi Firm as Lead Counsel

for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  October 7, 2019                              Respectfully submitted,

                                                     **FARUQI & FARUQI, LLP**

                                                     By:_____*/s/ Richard W. Gonnello*_____
                                                            Richard W. Gonnello

                                                     Richard W. Gonnello
                                                     Sherief Morsy
                                                     685 Third Avenue, 26th Floor
                                                     New York, NY 10017
                                                     Ph: (212) 983-9330
                                                     Fx: (212) 983-9331
                                                     E-mail: rgonnello@faruqilaw.com
                                                             smorsy@faruqilaw.com

                                                     *Attorneys for [Proposed] Lead Plaintiff Babak*
                                                     *Bamdad and [Proposed] Lead Counsel for the*
                                                     *putative Class*

11