# EXHIBIT 4



Faruqi & Faruqi, LLP focuses on complex civil litigation, including securities, antitrust, wage and hour, consumer, and pharmaceutical class actions as well as shareholder derivative and merger and transactional litigation.   The firm is headquartered in New York, and maintains offices in California, Delaware, Pennsylvania and Georgia.

Since its founding in 1995, Faruqi & Faruqi, LLP has served as lead or co-lead counsel in numerous high-profile cases which have provided significant recoveries to investors, consumers and employees.

# PRACTICE AREAS

## SECURITIES FRAUD LITIGATION

From its inception, Faruqi & Faruqi, LLP has devoted a substantial portion of its practice to class action securities fraud litigation. In *In re PurchasePro.com, Inc. Securities Litigation*, No. CV-S-01-0483 (JLQ) (D. Nev.), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $24.2 million settlement in a securities fraud litigation even though the corporate defendant was in bankruptcy.  As noted by Senior Judge Justin L. Quackenbush in approving the settlement, ***"I feel that counsel for plaintiffs evidenced that they were and are skilled in the field of securities litigation."***

Other past achievements include: *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (RDH) (E.D.N.Y.) (recovered $24.1 million dollars for class members) (Judge Hurley stated: "The quality of representation here I think has been excellent."), *In re Tellium, Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J.) (recovered $5.5 million dollars for class members); *In re Mitcham Indus., Inc. Sec. Litig.*, No. H-98-1244 (S.D. Tex.) (recovered $3 million dollars for class members despite the fact that corporate defendant was on the verge of declaring bankruptcy), and *Ruskin v. TIG Holdings, Inc.*, No. 98 Civ. 1068 LLS (S.D.N.Y.) (recovered $3 million dollars for class members).

Recently, Faruqi & Faruqi, LLP, as sole lead counsel, won a historic appeal in the United States Court of Appeals for the Fourth Circuit in *Zak v. Chelsea Therapeutics Inc. Int'l, Ltd.*, Civ. No. 13-2730 (2015), where the Court reversed a trial court's *scienter* ruling for the first time since the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Court remanded the case to the district court, where Faruqi & Faruqi, LLP defeated defendants' motion to dismiss and subsequently obtained final approval of a $5.5 million settlement for the class.  *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213 (MOC) (DCK) (W.D.N.C.).  In *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal.), Faruqi & Faruqi, LLP served as sole lead counsel for the class in the federal court action, and, together with counsel in the parallel state court action, secured final approval of a $13 million global settlement of both actions on January 19, 2018.  In *Rihn v. Acadia Pharmaceuticals, Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal.), the court denied defendants' first motion to dismiss, and on January 8, 2018, Faruqi & Faruqi, LLP, as sole lead counsel for the class, secured final approval of a $2.95 million

**NEW YORK         CALIFORNIA         DELAWARE         PENNSYLVANIA         GEORGIA**



settlement for the class, which represented approximately 36% of the total recognized losses claimed by the class. In *In re Geron Corp., Sec. Litig.*, No. 14-CV-1424 (CRB) (N.D. Cal.), Faruqi & Faruqi, LLP, as sole lead counsel for the class, defeated defendants' motion to dismiss and, on July 21, 2017, obtained final approval of a settlement awarding $6.25 million to the class. Also, in *In re Dynavax Techs. Corp. Sec. Litig.*, No. 13-CV-2796 (CRB) (N.D. Cal.), Faruqi & Faruqi, LLP, as sole lead counsel for the class, defeated defendants' motion to dismiss, and on February 6, 2017, secured final approval of a $4.5 million settlement on behalf of the class. In *In re L&L Energy, Inc. Sec. Litig.*, No. 13-cv-6704 (RA) (S.D.N.Y.), Faruqi & Faruqi, LLP, as co-lead counsel, obtained final approval on July 31, 2015 of a $3.5 million settlement for the class. In *In re Ebix, Inc. Securities Litigation*, No. 11-cv-2400 (RWS) (N.D. Ga.), the court denied defendants' motion to dismiss and Faruqi & Faruqi, LLP, as sole lead counsel, obtained final approval on June 13, 2014 of a $6.5 million settlement for the class. In *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479 (PHX) (ROS) (D. Ariz.), Faruqi & Faruqi, LLP, as co-lead counsel for the class, defeated defendants' motion to dismiss, succeeded in having the action certified as a class action, and secured final approval of a $4.5 million settlement for the class. *See also In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*, No. 13 Civ. 214 (HB) (S.D.N.Y.) (as sole lead counsel, obtained final approval of a $1.34 million settlement on behalf of the class); *Simmons v. Spencer, et al.*, No. 13 Civ. 8216 (RWS) (S.D.N.Y.) (as co-lead counsel obtained final approval of settlement awarding $1.5 million to the class).

Additionally, Faruqi & Faruqi, LLP is serving as court-appointed lead counsel in the following cases:

- *Loftus v. Primero Mining Corp.*, No. 16-01034 (BRO) (RAO) (C.D. Cal.) (appointed sole lead counsel for the class);
- *Bielousov v. GoPro, Inc., et al.*, No. 4:16-CV-06654-CW (N.D. Cal.) (as sole lead counsel for the class, defeated defendants' motion to dismiss);
- *Attigui v. Tahoe Resources, Inc., et al.*, No. 2:17-cv-01868 (RFB) (NJK) (D. Nev.) (appointed sole lead counsel for the class).
- *Khanna v. Ohr Pharmaceutical, Inc.*, No. 1:18-cv-01284 (LAP) (S.D.N.Y.) (appointed sole-lead counsel for the class);
- *DeSmet v. Intercept Pharmaceuticals, Inc.*, No. 1:17-cv-07371 (LAK) (S.D.N.Y.) (appointed sole-lead counsel for the class); and
- *Lee v. Synergy Pharmaceuticals, Inc. Sec. Litig.*, No. 1:18-cv-00873 (AMD) (VMS) (E.D.N.Y.) (appointed as co-lead counsel for the class).

## SHAREHOLDER MERGER AND TRANSACTIONAL LITIGATION

Faruqi & Faruqi, LLP is nationally recognized for its excellence in prosecuting shareholder class actions brought nationwide against officers, directors and other parties responsible for corporate wrongdoing. Most of these cases are based upon state statutory or common law principles involving fiduciary duties owed to investors by corporate insiders as well as Exchange Act violations.

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**



Faruqi & Faruqi, LLP has obtained significant monetary and therapeutic recoveries, including millions of dollars in increased merger consideration for public shareholders; additional disclosure of significant material information so that shareholders can intelligently gauge the fairness of the terms of proposed transactions and other types of therapeutic relief designed to increase competitive bids and protect shareholder value.  As noted by Judge Timothy S. Black of the United States District Court for the Southern District of Ohio in appointing lead counsel *Nichting v. DPL Inc.*, Case No. 3:11-cv-141 (S.D. Ohio), "[a]lthough all of the firms seeking appointment as Lead Counsel have impressive resumes, the Court is most impressed with Faruqi & Faruqi."

For example, in *Hall v. Berry Petroleum Co.*, No. 8476-VCG (Del. Ch.), Faruqi & Faruqi, LLP as sole lead counsel was credited by the Delaware Chancery Court with contributing to an increase in exchange ratio in an all-stock transaction that provided Berry Petroleum Co. stockholders with an additional $600 million in consideration for their shares as well as the disclosure of additional material information regarding the transaction. The court noted at the settlement hearing "[t]he ability of petitioning counsel [Faruqi] is known to the Court, and plaintiff's counsel [Faruqi] are well versed in the prosecution of corporate law actions."  Faruqi & Faruqi, LLP achieved a similar result in *In Re Energysolutions, Inc. Shareholder Litigation*, Cons. C.A. No. 8203-VCG (Del. Ch.), in which the Faruqi Firm, as co-lead counsel, was credited in part with an increase in the merger consideration from $3.75 to $4.15 in cash per Energysolution share by the acquirer Energy Capital, and credited with additional material disclosures distributed to stockholders. In approving the settlement of the case and noting that the price increase amounted to an extra $36 million for stockholders, the Delaware Court stated that the standing and ability of the stockholders' counsel, including Faruqi & Faruqi, LLP and its co-counsel, is "…among the highest in our bar." *See In Re Energysolutions, Inc. S'holder Litig.*, Cons. C.A. No. 8203-VCG (Del. Ch. Feb. 11, 2014).  In *In Re Jefferies Group, Inc. Shareholders Litigation*, C.A. No. 8059-CB (Del. Ch.), Faruqi & Faruqi, LLP acted as co-lead counsel representing Jeffries Group, Inc. stockholders in challenging the transaction with Leucadia National Corporation. After years of vigorous litigation, the parties reached a settlement that recovered $70 million additional consideration for the former Jeffries Group Inc. stockholders.

In *In re Playboy Enterprises, Inc. Shareholders Litigation*, Consol. C.A. No. 5632-VCN (Del. Ch.), Faruqi & Faruqi, LLP achieved a substantial post close settlement of $5.25 million.  In *In re Cogent, Inc. Shareholders Litigation*, Consol. C.A. No. 5780-VC (Del. Ch.) Faruqi & Faruqi, LLP, as co-lead counsel, obtained a post-close cash settlement of $1.9 million after two years of hotly contested litigation; In *Rice v. Lafarge North America, Inc., et al.*, No. 268974-V (Montgomery Cty., Md. Circuit Ct.), Faruqi & Faruqi, LLP, as co-lead counsel represented the public shareholders of Lafarge North America ("LNA") in challenging the buyout of LNA by its French parent, Lafarge S.A., at $75.00 per share.  After discovery and intensive injunction motions practice, the price per share was increased from $75.00 to $85.50 per share, or a total

3



benefit to the public shareholders of $388 million.  The Lafarge court gave Class counsel, including Faruqi & Faruqi, LLP, shared credit with a special committee appointed by the company's board of directors for a significant portion of the price increase.

Similarly, in *In re: Hearst-Argyle Shareholder Litig.,* Lead Case No. 09-Civ-600926 (N.Y. Sup. Ct.) as co-lead counsel for plaintiffs, Faruqi & Faruqi, LLP litigated, in coordination with Hearst-Argyle's special committee, an increase of over 12.5%, or $8,740,648, from the initial transaction value offered for Hearst-Argyle Television Inc.'s stock by its parent company, Hearst Corporation.  Faruqi & Faruqi, LLP, in *In re Alfa Corp. Shareholder Litig.*, Case No. 03-CV-2007-900485.00 (Montgomery Cty, Ala. Cir. Ct.) was instrumental, along with the Company's special committee, in securing an increased share price for Alfa Corporation shareholders of $22.00 from the originally-proposed $17.60 per share offer, which represented over a $160 million benefit to class members, and obtained additional proxy disclosures to ensure that Alfa shareholders were fully-informed before making their decision to vote in favor of the merger, or seek appraisal.

Moreover, in *In re Fox Entertainment Group, Inc. S'holders Litig.*, Consolidated C.A. No. 1033-N (Del. Ch. 2005), Faruqi & Faruqi, LLP, a member of the three (3) firm executive committee, and in coordination with Fox Entertainment Group's special committee, created an increased offer price from the original proposal to shareholders, which represented an increased benefit to Fox Entertainment Group, Inc. shareholders of $450 million.  Also, in *In re Howmet Int'l S'holder Litig.*, Consolidated C.A. No. 17575 (Del. Ch. 1999) Faruqi & Faruqi, LLP, in coordination with Howmet's special committee, successfully obtained an increased benefit to class members of $61.5 million dollars).

Recently, in *In re Orchard Enterprises, Inc. Stockholder Litigation*, C.A. No. 7840-VCL (Del. Ch.), Faruqi & Faruqi, LLP acted as co-lead counsel with two other firms.  That action involved the approval of a merger by Orchard's Board of Directors pursuant to which Dimensional Associates LLC would cash-out the stock of Orchard's minority common stockholders at a price of $2.05 per share and then take Orchard private.  On April 11, 2014, the parties reached an agreement to settle their claims for a payment of $10.725 million to be distributed among the Class, which considerably exceeded the $2.62 per share difference between the $2.05 buyout price and the $4.67 appraisal price determined in *In re Appraisal of The Orchard Enterprises, Inc.*, C.A. No. 5713-CS, 2012 WL 2923305 (Del. Ch. July 18, 2012).

Faruqi also has noteworthy successes in achieving injunctive or declaratory relief pre and post close in cases where corporate wrongdoing deprives shareholders of material information or an opportunity to share in potential profits.  In *In re Harleysville Group, Inc. S'holders Litigation*, C.A. Bo. 6907-VCP (Del. Ch. 2014), Faruqi as sole lead counsel obtained significant disclosures for stockholders pre-close and secured valuable relief post close in the form of an Anti-Flip Provision providing former stockholders with 25% of any profits in Qualifying Sale.  In April 2012, Faruqi as sole lead obtained an unprecedented



injunction in *Knee v. Brocade Communications Systems, Inc.*, No. 1-12-CV-220249, slip op. at 2 (Cal. Super. Ct. Apr. 10, 2012) (Kleinberg, J.).  In *Brocade*, Faruqi, as sole lead counsel for plaintiffs, successfully obtained an injunction enjoining Brocade's 2012 shareholder vote because certain information relating to projected executive compensation was not properly disclosed in the proxy statement.  (Order After Hearing [Plaintiff's Motion for Preliminary Injunction; Motions to Seal]).  In *Kajaria v. Cohen*, No. 1:10-CV-03141 (N.D. Ga., Atlanta Div.), Faruqi & Faruqi, LLP, succeeded in having the district court order Bluelinx Holdings Inc., the target company in a tender offer, to issue additional material disclosures to its recommendation statement to shareholders before the expiration of the tender offer.

## SHAREHOLDER DERIVATIVE LITIGATION

Faruqi & Faruqi, LLP has extensive experience litigating shareholder derivative actions on behalf of corporate entities.  This litigation is often necessary when the corporation has been injured by the wrongdoing of its officers and directors.  This wrongdoing can be either active, such as the wrongdoing by certain corporate officers in connection with purposeful backdating of stock-options, or passive, such as the failure to put in place proper internal controls, which leads to the violation of laws and accounting procedures.  A shareholder has the right to commence a derivative action when the company's directors are unwilling or unable, to pursue claims against the wrongdoers, which is often the case when the directors themselves are the wrongdoers.

The purpose of the derivative action is threefold: (1) to make the company whole by holding those responsible for the wrongdoing accountable; (2) the establishment of procedures at the company to ensure the damaging acts can never again occur at the company; and (3) make the company more responsive to its shareholders.  Improved corporate governance and shareholder responsiveness are particularly valuable because they make the company a stronger one going forward, which benefits its shareholders.  For example, studies have shown the companies with poor corporate governance scores have 5-year returns that are 3.95% below the industry average, while companies with good corporate governance scores have 5-year returns that are 7.91 % above the industry-adjusted average.   The difference in performance between these two groups is 11.86%. *Corporate Governance Study: The Correlation between Corporate Governance and Company Performance*, Lawrence D. Brown, Ph.D., Distinguished Professor of Accountancy, Georgia State University and Marcus L. Caylor, Ph.D. Student, Georgia State University. Faruqi & Faruqi, LLP has achieved all three of the above stated goals of a derivative action.  The firm regularly obtains significant corporate governance changes in connection with the successful resolution of derivative actions, in addition to monetary recoveries that inure directly to the benefit of the company.  In each case, the company's shareholders indirectly benefit through an improved market price and market perception.

**NEW YORK**          **CALIFORNIA**          **DELAWARE**          **PENNSYLVANIA**          **GEORGIA**



In *In re UnitedHealth Group Incorporated Derivative Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Judicial Dist. 2009) Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, obtained a recovery of more than $930 million for the benefit of the Company and corporate governance reforms designed to make UnitedHealth a model of corporate responsibility and transparency. ***At the time, the settlement reached was believed to be the largest settlement ever in a derivative case***. *See* "UnitedHealth's Former Chief to Repay $600 Million," Bloomberg.com, December 6, 2007 ("the settlement . . . would be the largest ever in a 'derivative' suit . . . according to data compiled by Bloomberg.").

As co-lead counsel in *Weissman v. John, et al.*, Cause No. 2007-31254 (Tex. Harris County 2008) Faruqi & Faruqi, LLP, diligently litigated a shareholder derivative action on behalf of Key Energy Services, Inc. for more than three years and caused the company to adopt a multitude of corporate governance reforms which far exceeded listing and regulatory requirements. Such reforms included, among other things, the appointment of a new senior management team, the realignment of personnel, the institution of training sessions on internal control processes and activities, and the addition of 14 new accountants at the company with experience in public accounting, financial reporting, tax accounting, and SOX compliance.

More recently, Faruqi & Faruqi, LLP concluded shareholder derivative litigation in *The Booth Family Trust, et al. v. Jeffries, et al.*, Lead Case No. 05-cv-00860 (S.D. Ohio 2005) on behalf of Abercrombie & Fitch Co. Faruqi & Faruqi, LLP, as co-lead counsel for plaintiffs, litigated the case for six years through an appeal in the U.S. Court of Appeals for the Sixth Circuit where it successfully obtained reversal of the district court's ruling dismissing the shareholder derivative action in April 2011. Once remanded to the district court, Faruqi & Faruqi, LLP caused the company to adopt important corporate governance reforms narrowly targeted to remedy the alleged insider trading and discriminatory employment practices that gave rise to the shareholder derivative action.

The favorable outcome obtained by Faruqi & Faruqi, LLP in *In re Forest Laboratories, Inc. Derivative Litigation*, Lead Civil Action No. 05-cv-3489 (S.D.N.Y. 2005) is another notable achievement for the firm. After more than six years of litigation, Faruqi & Faruqi, LLP, as co-lead counsel, caused the company to adopt industry-leading corporate governance measures that included rigorous monitoring mechanisms and Board-level oversight procedures to ensure the timely and complete publication of clinical drug trial results to the investing public and to deter, among other things, the unlawful off-label promotion of drugs.

## ANTITRUST LITIGATION

The attorneys at Faruqi & Faruqi, LLP represent direct purchasers, competitors, third-party payors, and consumers in a variety of individual and class action antitrust cases brought under Sections 1 and 2 of the Sherman Act. These actions, which typically seek treble damages under Section 4 of the Clayton Act,

6



have been commenced by businesses and consumers injured by anticompetitive agreements to fix prices or allocate markets, conduct that excludes or delays competition, and other monopolistic or conspiratorial conduct that harms competition.

*Actions for excluded competitors*.   Faruqi & Faruqi represents competitors harmed by anticompetitive practices that reduce their sales, profits, and/or market share.  One representative action is *Babyage.com, Inc., et al. v. Toys "R" Us, Inc., et al*. where Faruqi & Faruqi was retained to represent three internet retailers of baby products, who challenged a dominant retailer's anticompetitive scheme, in concert with their upstream suppliers, to impose and enforce resale price maintenance in violation of §§ 1 and 2 of the Sherman Act and state law.  The action sought damages measured as lost sales and profits.  This case was followed extensively by the Wall Street Journal.  After several years of litigation, this action settled for an undisclosed amount.

*Actions for direct purchasers*.   Faruqi & Faruqi represents direct purchasers who have paid overcharges as a result of anticompetitive practices that raise prices.  These actions are typically initiated as class actions.  A representative action on behalf of direct purchasers is *Rochester Drug Co-Operative, Inc. v. Warner Chilcott Public Limited Company, et al*., No. 12-3824 (E.D. Pa.), in which Faruqi & Faruqi was appointed co-lead counsel for the proposed plaintiff class under Federal Rule of Civil Procedure 23(g). Faruqi & Faruqi's attorneys are counsel to direct purchasers (typically wholesalers) in multiple such class actions.

*Actions for third-party payors*.  Faruqi & Faruqi represents, both in class actions and in individual actions, insurance companies who have reimbursed their policyholders at too high a rate due to anticompetitive prices that raise prices.  One representative action is *In re Tricor Antitrust Litigation*, No. 05-360 (D. Del.), where Faruqi & Faruqi represented PacifiCare and other large third-party payors challenging the conduct of Abbott Laboratories and Laboratories Fournier in suppressing generic drug competition, in violation of §§ 1 and 2 of the Sherman Act. The *Tricor* litigation settled for undisclosed amount in 2010.

*Results*.  Faruqi & Faruqi's attorneys have consistently obtained favorable results in their antitrust engagements.  Non-confidential results include the following:  *In re Skelaxin (Metaxalone) Antitrust Litig.,* No. 12-md-2343, (E.D. Tenn.) ($73 million settlement); *In re Wellbutrin XL Antitrust Litig.*, No. 08-2431 (E.D. Pa.) ($37.5 million partial settlement); *In re Iowa Ready-Mixed Concrete Antitrust Litigation*, No. C 10-4038 (N.D. Iowa) ($18.5 million settlement); *In re Metoprolol Succinate Direct Purchaser Antitrust Litigation*, 06-52 (D. Del.) ($20 million settlement); *In re Ready-Mixed Concrete Antitrust Litigation*, No. 05-979 (S.D. Ind.) ($40 million settlement); *Rochester Drug Co-Operative, Inc., et al. v. Braintree Labs, Inc.*, No. 07-142-SLR (D. Del.) ($17.25 million settlement).

7

**NEW YORK**        **CALIFORNIA**        **DELAWARE**        **PENNSYLVANIA**        **GEORGIA**

A more complete list of Faruqi & Faruqi's active and resolved antitrust cases can be found on its web site at *www.faruqilaw.com*.

## CONSUMER PROTECTION LITIGATION

Attorneys at Faruqi & Faruqi, LLP have advocated for consumers' rights, successfully challenging some of the nation's largest and most powerful corporations for a variety of improper, unfair and deceptive business practices.  Through our efforts, we have recovered hundreds of millions of dollars and other significant remedial benefits for our consumer clients.

For example, in *Bates v. Kashi Co., et al.*, Case No. 11-CV-1967-H BGS (S.D. Cal. 2011), as co-lead counsel for the class, Faruqi & Faruqi, LLP secured a $5.0 million settlement fund on behalf of California consumers who purchased Kashi products that were deceptively labeled as "nothing artificial" and "all natural."  The settlement provides class members with a full refund of the purchase price in addition to requiring Kashi to modify its labeling and advertising to remove "All Natural" and "Nothing Artificial" from certain products.  As noted by Judge Marilyn L. Huff in approving the settlement, *"Plaintiffs' counsel has extensive experience acting as class counsel in consumer class action cases, including cases involving false advertising claims."*  Moreover, in *Thomas v. Global Vision Products*, Case No. RG-03091195 (California Superior Ct., Alameda Cty.), Faruqi & Faruqi, LLP served as co-lead counsel in a consumer class action lawsuit against Global Vision Products, Inc., the manufacturer of the Avacor hair restoration product and its officers, directors and spokespersons, in connection with the false and misleading advertising claims regarding the Avacor product.  Though the company had declared bankruptcy in 2007, Faruqi & Faruqi, LLP, along with its co-counsel, successfully prosecuted two trials to obtain relief for the class of Avacor purchasers.  In January 2008, a jury in the first trial returned a verdict of almost $37 million against two of the creators of the product.  In November 2009, another jury awarded plaintiff and the class more than $50 million in a separate trial against two other company directors and officers.  This jury award represented the largest consumer class action jury award in California in 2009 (according to VerdictSearch, a legal trade publication).

Additionally, in *Rodriguez v. CitiMortgage, Inc.*, Case No. 11-cv-04718-PGG-DCF (S.D.N.Y. 2011), Faruqi & Faruqi, LLP, as co-lead class counsel, reached a significant settlement with CitiMortgage related to improper foreclosure practices of homes owned by active duty servicemembers. The settlement was recently finalized pursuant to a Final Approval Order dated October 6, 2015, which provides class members with a monetary recovery of at least $116,785.00 per class member, plus the amount of any lost equity in the foreclosed property.

Below is a non-exhaustive list of settlements where Faruqi & Faruqi, LLP and its partners have served as lead or co-lead counsel:

**NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA          GEORGIA**



- *In re Sinus Buster Products Consumer Litig.,* Case No. 1:12-cv-02429-ADS-AKT (E.D.N.Y. 2012). The firm represented a nationwide class of purchasers of assorted cold, flu and sinus products. A settlement was obtained, providing class members with a cash refund up to $10 and requiring defendant to discontinue the marketing and sale of certain products.
- *In re: Alexia Foods, Inc. Litigation.,* Case No. 4:11-cv-06119 (N.D. Cal. 2011). The firm represented a proposed class of all persons who purchased certain frozen potato products that were deceptively advertised as "natural" or "all natural." A settlement was obtained, providing class members with the cash refunds up to $35.00 and requiring defendant to cease using a synthetic chemical compound in future production of the products.
- *In re: Haier Freezer Consumer Litig.*, Case No. 5:11-CV-02911-EJD (N.D. Cal. 2011). The firm represented a nationwide class of consumers who purchased certain model freezers, which were sold in violation of the federal standard for maximum energy consumption. A settlement was obtained, providing class members with cash payments of between $50 and $325.80.
- *Loreto v. Coast Cutlery Co.*, Case No. 11-3977 SDW-MCA (D.N.J. 2011) The firm represented a proposed nationwide class of people who purchased stainless steel knives and multi-tools that were of a lesser quality than advertised. A settlement was obtained, providing class members with a full refund of the purchase price.
- *Rossi v Procter & Gamble Company.*, Case No. 11-7238 (D.N.J. 2011). The firm represented a nationwide class of consumers who purchased deceptively marketed "Crest Sensitivity" toothpaste. A settlement was obtained, providing class members with a full refund of the purchase price.
- *In re: Michaels Stores Pin Pad Litig.*, Case No. 1:11-CV-03350 CPK (N.D. Ill. 2011). The firm represented a nationwide class of persons against Michaels Stores, Inc. for failing to secure and safeguard customers' personal financial data. A settlement was obtained, which provided class members with monetary recovery for unreimbursed out-of-pocket losses incurred in connection with the data breach, as well as up to four years of credit monitoring services.
- *Kelly, v. Phiten*, Case No. 4:11-cv-00067 JEG (S.D. Iowa 2011). The firm represented a proposed nationwide class of consumers who purchased Defendant Phiten USA's jewelry and other products, which were falsely promoted to balance a user's energy flow. A settlement was obtained, providing class members with up to 300% of the cost of the product and substantial injunctive relief requiring Phiten to modify its advertising claims.
- *In re: HP Power-Plug Litigation,* Case No. 06-1221 (N.D. Cal. 2006). The firm represented a proposed nationwide class of consumers who purchased defective laptops manufactured by defendant. A settlement was obtained, which provided full relief to class members, including among other benefits a cash payment up to $650.00 per class member, or in the alternative, a repair free-of-charge and new limited warranties accompanying repaired laptops.
- *Delre v. Hewlett-Packard Co.*, C.A. No. 3232-02 (N.J. Super. Ct. 2002). The firm represented a proposed nationwide class of consumers (approximately 170,000 members) who purchased, HP dvd-100i dvd-writers ("HP 100i") based on misrepresentations regarding the write-once ("DVD+R") capabilities of the HP 100i and the compatibility of DVD+RW disks written by HP 100i with DVD players and other optical storage devices. A settlement was obtained, which provided full relief to class members, including among other benefits, the replacement of defective HP 100i with its more current, second generation DVD writer, the HP 200i, and/or refunds the $99 it had charged some consumers to upgrade from the HP 100i to the HP 200i prior to the settlement.

In addition, Faruqi & Faruqi, LLP and its partners are currently serving as lead or co-lead counsel in the following class action cases:

- *Dei Rossi et al. v. Whirlpool Corp.,* Case No. 2:12-cv-00125-TLN-JFM (E.D. Cal. 2012) (representing a certified class of people who purchased mislabeled KitchenAid brand refrigerators from Whirlpool Corp.)

9

**NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA          GEORGIA**



- *In re: Scotts EZ Seed Litigation*, Case No. 7:12-cv-04727-VB (S.D.N.Y. 2012) (representing a certified class of purchasers of mulch grass seed products advertised as a superior grass seed product capable of growing grass in the toughest conditions and with half the water.)
- *Forcellati et al., v Hyland's, Inc. et al.,* Case No. 2:12-cv-01983-GHK-MRW (C.D. Cal. 2012) (representing a certified nationwide class of purchasers of children's cold and flu products.)
- *Avram v. Samsung Electronics America, Inc., et al.,* Case No. 2:11-cv-06973 KM-MCA (D.N.J. 2011) (representing a proposed nationwide class of persons who purchased mislabeled refrigerators from Samsung Electronics America, Inc. for misrepresenting the energy efficiency of certain refrigerators.)
- *Dzielak v. Whirlpool Corp., et al.*, Case No. 12-CIV-0089 SRC-MAS (D.N.J. 2011) (representing a proposed nationwide class of purchasers of mislabeled Maytag brand washing machines for misrepresenting the energy efficiency of such washing machines.)
- *In re: Shop-Vac Marketing and Sales Practices Litigation,* Case No. 4:12-md-02380-YK (M.D. Pa. 2012) (representing a proposed nationwide class of persons who purchased vacuums or Shop Vac's with overstated horsepower and tank capacity specifications.)
- *In re: Oreck Corporation Halo Vacuum And Air Purifiers Marketing And Sales Practices Litigation*, MDL No. 2317 (the firm was appointed to the executive committee, representing a proposed nationwide class of consumers who purchased vacuums and air purifiers that were deceptively advertised effective in eliminating common viruses, germs and allergens.)

## EMPLOYMENT PRACTICES LITIGATION

Faruqi & Faruqi, LLP is a recognized leader in protecting the rights of employees. The firm's Employment Practices Group is committed to protecting the rights of current and former employees nationwide. The firm is dedicated to representing employees who may not have been compensated properly by their employer or who have suffered investment losses in their employer-sponsored retirement plan. The firm also represents individuals (often current or former employees) who assert that a company has allegedly defrauded the federal or state government.

Faruqi & Faruqi represents current and former employees nationwide whose employers have failed to comply with state and/or federal laws governing minimum wage, hours worked, overtime, meal and rest breaks, and unreimbursed business expenses. In particular, the firm focuses on claims against companies for (i) failing to properly classify their employees for purposes of paying them proper overtime pay, or (ii) requiring employees to work "off-the-clock," and not paying them for all of their actual hours worked.

In prosecuting claims on behalf of aggrieved employees, Faruqi & Faruqi has successfully defeated summary judgment motions, won numerous collective certification motions, and obtained significant monetary recoveries for current and former employees. In the course of litigating these claims, the firm has been a pioneer in developing the growing area of wage and hour law. In *Creely, et al. v. HCR ManorCare, Inc.*, C.A. No. 3:09-cv-02879 (N.D. OH), Faruqi & Faruqi, along with its co-counsel, obtained one of the first decisions to reject the application of the Supreme Court's Fed. R. Civ. P. 23 certification analysis in *Wal-Mart Stores, Inc. v. Dukes et. al.,* 131 S. Ct. 2541 (2011) to the certification process of collective actions brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"). The firm, along with its co-counsel,



also recently won a groundbreaking decision for employees seeking to prosecute wage and hour claims on a collective basis in *Symczyk v. Genesis Healthcare Corp. et al.*, No. 10-3178 (3d Cir. 2011).  In *Symczyk,* the Third Circuit reversed the district court's ruling that an offer of judgment mooted a named plaintiff's claim in an action asserting wage and hour violations of the FLSA.  Notably, the Third Circuit also affirmed the two-step process used for granting certification in FLSA cases.  The *Creely* decision, like the Third Circuit's *Genesis* decision, will invariably be relied upon by courts and plaintiffs in future wage and hour actions.

Some of the firm's notable recoveries include *Bazzini v. Club Fit Management, Inc.,* C.A. No. 08-cv-4530 (S.D.N.Y. 2008), wherein the firm settled a FLSA collective action lawsuit on behalf of tennis professionals, fitness instructors and other health club employees on very favorable terms.  Similarly, in *Garcia, et al., v. Lowe's Home Center, Inc., et al.*, C.A. No. GIC 841120 (Cal. Sup. Ct. 2008), Faruqi & Faruqi served as co-lead counsel and recovered $1.6 million on behalf of delivery workers who were unlawfully treated as independent contractors and not paid appropriate overtime wages or benefits.

The firm's Employment Practices Group also represents participants and beneficiaries of employee benefit plans covered by the Employee Retirement Income Security Act of 1874 ("ERISA").  In particular the firm protects the interests of employees in retirement savings plans against the wrongful conduct of plan fiduciaries.  Often, these retirement savings plans constitute a significant portion of an employee's retirement savings.  ERISA, which codifies one of the highest duties known to law, requires an employer to act in the best interests of the plan's participants, including the selection and maintenance of retirement investment vehicles.  For example, an employer who administers a retirement savings plan (often a 401(k) plan) has a fiduciary obligation to ensure that the retirement plan's assets (including employee and any company matching contributions to the plan) are directed into appropriate and prudent investment vehicles.

Faruqi & Faruqi has brought actions on behalf of aggrieved plan participants where a company and/or certain of its officers breached their fiduciary duty by allowing its retirement plans to invest in shares of its own stock despite having access to materially negative information concerning the company which materially impacted the value of the stock.  The resulting losses can be devastating to employees' retirement accounts.  Under certain circumstances, current and former employees can seek to hold their employers accountable for plan losses caused by the employer's breach of their ERISA-mandated duties.

The firm's Employment Practices Group also represents whistleblowers in actions under both federal and state False Claims Acts.  Often, current and former employees of business entities that contract with, or are otherwise bound by obligations to, the federal and state governments become aware of wrongdoing that causes the government to overpay for a good or service.  When a corporation perpetrates such fraud, a whistleblower may sue the wrongdoer in the government's name to recover up to three times actual damages and additional civil penalties for each false statement made.  Whistleblowers who initiate

11



such suits are entitled to a portion of the recovery attained by the government, generally ranging from 15% to 30% of the total recovery.

False Claims Act cases often arise in context of Medicare and Medicaid fraud, pharmaceutical fraud, defense contractor fraud, federal government contractor fraud, and fraudulent loans and grants.  For instance, in *United States of America, ex rel. Ronald J. Streck v. Allergan, Inc. et al*., No. 2:08-cv-05135-ER (E.D. Pa.), Faruqi & Faruqi represents a whistleblower in an un-sealed case alleging fraud against thirteen pharmaceutical companies who underpaid rebates they were obliged to pay to state Medicaid programs on drugs sold through those programs.

Based on its experience and expertise, the firm has served as the principal attorneys representing current and former employees in numerous cases across the country alleging wage and hour violations, ERISA violations and violations of federal and state False Claims Acts.

# ATTORNEYS

## NADEEM FARUQI

Mr. Faruqi is Co-Founder and a Managing Partner of Faruqi & Faruqi, LLP.  Mr. Faruqi oversees all aspects of the firm's practice areas.  Mr. Faruqi has acted as sole lead or co-lead counsel in many notable class or derivative action cases, such as: *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.) (recovered $25 million dollars for class members); *In re PurchasePro, Inc., Secs. Litig.*, Master File No. CV-S-01-0483 (D. Nev. 2001) ($24.2 million dollars recovery on behalf of the class in securities fraud action); *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999) (established certain new standards for preferred shareholders rights); *Dennis v. Pronet, Inc.*, C.A. No. 96-06509 (Tex. Dist. Ct.) (recovered over $15 million dollars on behalf of shareholders); *In re Tellium, Inc. Secs. Litig.*, C.A. No. 02-CV-5878 (D.N.J.) (class action settlement of $5.5 million); *In re Tenet Healthcare Corp. Derivative Litig.*, Lead Case No. 01098905 (Cal. Sup. Ct. 2002) (achieved a $51.5 million benefit to the corporation in derivative litigation).

Upon graduation from law school, Mr. Faruqi was associated with a large corporate legal department in New York.  In 1988, he became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, and in 1992, became a member of that firm.  While at Kaufman Malchman Kirby & Squire, Mr. Faruqi served as one of the trial counsel for plaintiff in *Gerber v. Computer Assocs. Int'l, Inc.*, 91-CV-3610 (E.D.N.Y. 1991).  Mr. Faruqi actively participated in cases such as: *Colaprico v. Sun Microsystems*, No. C-90-20710 (N.D. Cal. 1993) (recovery in excess of $5 million on behalf of the shareholder class); *In re Jackpot Secs. Enters., Inc. Secs. Litig.*, CV-S-89-805 (D. Nev. 1993) (recovery in excess of $3 million on behalf of the shareholder class); *In re Int'l Tech. Corp. Secs. Litig.*, CV 88-440 (C.D.



Cal. 1993) (recovery in excess of $13 million on behalf of the shareholder class); and *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million).

Mr. Faruqi earned his Bachelor of Science Degree from McGill University, Canada (B.Sc. 1981), his Master of Business Administration from the Schulich School of Business, York University, Canada (MBA 1984) and his law degree from New York Law School (J.D., *cum* laude, 1987).  Mr. Faruqi was Executive Editor of New York Law School's Journal of International and Comparative Law.  He is the author of "Letters of Credit: Doubts As To Their Continued Usefulness," Journal of International and Comparative Law, 1988. He was awarded the Professor Ernst C. Stiefel Award for Excellence in Comparative, Common and Civil Law by New York Law School in 1987.

Mr. Faruqi is licensed to practice law in New York and is admitted to the United States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Colorado, and the United States Court of Appeals for the Second and Third Circuits.

## LUBNA M. FARUQI

Ms. Faruqi is Co-Founder and a Managing Partner of Faruqi & Faruqi, LLP.  Ms. Faruqi is involved in all aspects of the firm's practice.  Ms. Faruqi has actively participated in numerous cases in federal and state courts which have resulted in significant recoveries for shareholders.

Ms. Faruqi was involved in litigating the successful recovery of $25 million to class members in *In re Olsten Corp. Secs. Litig.*, C.A. No. 97-CV-5056 (E.D.N.Y.).  She helped to establish certain new standards for preferred shareholders in Delaware in *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999).  Ms. Faruqi was also lead attorney in *In re Mitcham Indus., Inc. Secs. Litig.*, Master File No. H-98-1244 (S.D. Tex. 1998), where she successfully recovered $3 million on behalf of class members despite the fact that the corporate defendant was on the verge of declaring bankruptcy.

Upon graduation from law school, Ms. Faruqi worked with the Department of Consumer and Corporate Affairs, Bureau of Anti-Trust, the Federal Government of Canada.  In 1987, Ms. Faruqi became associated with Kaufman Malchman Kirby & Squire, specializing in shareholder litigation, where she actively participated in cases such as: *In re Triangle Inds., Inc. S'holders Litig.*, C.A. No. 10466 (Del. Ch. 1990) (recovery in excess of $70 million); *Kantor v. Zondervan Corp.*, C.A. No. 88 C5425 (W.D. Mich. 1989) (recovery of $3.75 million on behalf of shareholders); and *In re A.L. Williams Corp. S'holders Litig.*, C.A. No. 10881 (Del. Ch. 1990) (recovery in excess of $11 million on behalf of shareholders).

Ms. Faruqi graduated from McGill University Law School at the age of twenty-one with two law degrees: Bachelor of Civil Law (B.C.L.) (1980) and a Bachelor of Common Law (L.L.B.) (1981).

Ms. Faruqi is licensed to practice law in New York and is admitted to the United States District Court for the Southern District of New York.

13

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**



# PETER KOHN

Mr. Kohn is a partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Antitrust Litigation Practice Group.

Prior to joining the firm, Mr. Kohn was a shareholder at Berger & Montague, P.C., where he prepared for trial several noteworthy lawsuits under the Sherman Act, including *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220M settlement), *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278 (E.D. Mich.) ($110M settlement), *Meijer, Inc. v. Warner-Chilcott*, No. 05-2195 (D.D.C.) ($22M settlement), *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.) ($175M settlement), *In re Remeron Direct Purchaser Antitrust Litigation*, No. 03-cv-0085 (D.N.J.) ($75M settlement), *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($72.5M settlement), and *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250M settlement).  The court appointed him as co-lead counsel for the plaintiffs in *In re Pennsylvania Title Ins. Antitrust Litig.*, No. 08cv1202 (E.D. Pa.) (pending action on behalf of direct purchasers of title insurance alleging illegal cartel pricing under § 1 of the Sherman Act).

A sampling of Mr. Kohn's reported cases in the antitrust arena includes *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, Civil Action No. 14-md-02503-DJC, 2015 U.S. Dist. LEXIS 125999 (D. Mass. Aug. 14, 2015) (denying motion to dismiss reverse payment claims under the Sherman Act); *King Drug Co. of Florence v. Cephalon, Inc.*, 88 F. Supp. 3d 402 (E.D. Pa. 2015) (reverse payment claims under the Sherman Act survived summary judgment); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665 (E.D. Pa. 2014) (denying motion to dismiss product hopping claims under the Sherman Act); *In re Lidoderm Antitrust Litig.*, 74 F. Supp. 3d 1052 (N.D. Cal. 2014) (denying motion to dismiss reverse payment claims under the Sherman Act); *Mylan Pharms., Inc. v. Warner Chilcott Pub.*, No. 12-3824, 2013 U.S. Dist. LEXIS 152467 (E.D. Pa. June 11, 2013) (denying motion to dismiss product hopping claims under the Sherman Act); *In re Hypodermic Prods. Antitrust Litig.*, 484 Fed. Appx. 669 (3d Cir. 2012) (issue of direct purchaser standing under Illinois Brick); *Wallach v. Eaton Corp.*, 814 F. Supp. 2d 428 (D. Del. 2011) (application of the Third Circuit's "complete involvement" exception to the in pari delicto doctrine); *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116 (9th Cir. 2008) (issue of direct purchaser standing under *Illinois Brick*); *Babyage.com, Inc. v. Toys "R" Us, Inc.*, 558 F. Supp.2d 575 (E.D. Pa. 2008) (denying defendants' motion to dismiss following the Supreme Court's decisions in *Twombly* and *Leegin*, and for the first time in the Third Circuit adopting the Merger Guidelines method of relevant market definition); *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc.*, 485 F.3d 880 (6th Cir. 2007) (affirming summary judgment in exclusionary contracting case); and *Babyage.com, Inc. v. Toys*

**NEW YORK**      **CALIFORNIA**      **DELAWARE**      **PENNSYLVANIA**      **GEORGIA**



*"R" Us, Inc.*, 458 F. Supp.2d 263 (E.D. Pa. 2006) (discoverability of surreptitiously recorded statements prior to deposition of declarant).

Mr. Kohn is a 1989 graduate of the University of Pennsylvania (B.A., English) and a 1992 *cum laude* graduate of Temple University Law School, where he was senior staff for the *Temple Law Review* and received awards for trial advocacy. Mr. Kohn was recognized as a "recommended" antitrust attorney in the Northeast in 2009 by the Legal 500 guide (www.legal500.com) and was chosen by his peers as a "SuperLawyer" in Pennsylvania in 2009 - 2013, and 2016. Mr. Kohn was an invited speaker at the ABA Section of Antitrust Law's 2016 Spring Meeting in Washington, D.C., for the Health Care & Pharmaceuticals and State Enforcement Committee's program, "Exclusionary or Not? Product Hopping and REMS." He was also invited to speak for the ABA Section of Antitrust Law's program "Product Hopping Cases: Where Are We and Where Are We Headed" in December 2015, as well as Harris Martin Publishing's Antitrust Pay-for-Delay Litigation Conference in 2014 and 2015. In 2011, Mr. Kohn was selected as a Fellow in the Litigation Counsel of America, a trial lawyer honorary society composed of less than one-half of one percent of American lawyers. He is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States District Court for the Eastern District of Pennsylvania (1995-present), the United States District Court for the Eastern District of Michigan (2010-present), the United States Court of Appeals for the Third Circuit (2000-present), the United States Court of Appeals for the Sixth Circuit (2005-present), the United States Court of Appeals for the Ninth Circuit (2016-present), and the United States Court of Appeals for the Federal Circuit (2011-present).

## RICHARD W. GONNELLO

Richard W. Gonnello is a partner in Faruqi & Faruqi, LLP's New York office and Chair of the firm's Securities Litigation Practice Group.

Prior to joining the firm, Mr. Gonnello was a partner at Entwistle & Cappucci LLP and an associate at Latham & Watkins LLP. He began his career representing large corporations in litigation, arbitration, and governmental investigations. Mr. Gonnello now represents shareholders in securities fraud cases and other investment disputes.

Mr. Gonnello has represented institutional and individual investors in obtaining substantial recoveries in numerous class actions, including *In re Royal Ahold Sec. Litig.*, No. 03-md-01539 (D. Md. 2003) ($1.1 billion) and *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-cv-11117 (S.D.N.Y. 2011) ($100 million+). Mr. Gonnello has also obtained favorable recoveries for institutional investors pursuing direct securities fraud claims, including cases against *Qwest Communications International, Inc*. ($175 million+) and *Tyco Int'l Ltd* ($21 million).

**NEW YORK**        **CALIFORNIA**        **DELAWARE**        **PENNSYLVANIA**        **GEORGIA**

Mr. Gonnello has successfully argued numerous cases, including *Zak v. Chelsea Therapeutics Int'l, Ltd.*, Civ. No. 13-2370 (2015), which was before the Fourth Circuit Court of Appeals and resulted in the Court's first reversal of a district court's dismissal in the twenty years since the Private Securities Litigation Reform Act was enacted in 1995.

Mr. Gonnello has co-authored the following articles: "*'Staehr' Hikes Burden of Proof to Place Investor on Inquiry Notice*, "New York Law Journal, December 15, 2008; and "*Potential Securities Fraud: 'Storm Warnings' Clarified*," New York Law Journal, October 23, 2008.

Mr. Gonnello attended the University of Chicago, where he was named to the Dean's List every quarter, and thereafter graduated *summa cum laude* from Rutgers University in 1995, where he was named Phi Beta Kappa. He received his law degree from UCLA School of Law (J.D. 1998), and was a member of the UCLA Journal of Environmental Law & Policy.

Mr. Gonnello is licensed to practice law in New York and is admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second, Fourth, Seventh and Ninth Circuits.

## JOSEPH T. LUKENS

Mr. Lukens is a partner in Faruqi & Faruqi, LLP's Pennsylvania office and Co-Chair of the firm's Antitrust Litigation Practice Group.

Mr. Lukens was a shareholder at the Philadelphia firm of Hangley Aronchick Segal Pudlin & Schiller, where he represented large retail pharmacy chains as opt-out plaintiffs in numerous lawsuits under the Sherman Act. Among those lawsuits were *In re Brand Name Prescription Drugs Antitrust Litigation* (MDL 897, N.D. Ill.), *In re Terazosin Hydrochloride Antitrust Litigation* (MDL 1317, S.D. Fla.), *In re TriCor Direct Purchaser Antitrust Litigation* (05-605, D. Del.), *In re Nifedipine Antitrust Litigation* (MDL1515, D.D.C.), *In re OxyContin Antitrust Litigation* (04-3719, S.D.N.Y), and *In re Chocolate Confectionary Antitrust Litigation* (MDL 1935, M.D. Pa.). While the results in the opt-out cases are confidential, the parallel class actions in those matters which are concluded have resulted in settlements exceeding $1.1 billion.

Earlier in his career, Mr. Lukens concentrated in commercial and civil rights litigation at the Philadelphia firm of Schnader, Harrison, Segal & Lewis. The types of matters that Mr. Lukens handled included antitrust, First Amendment, contracts, and licensing. Mr. Lukens also worked extensively on several notable *pro bono* cases including *Commonwealth v. Morales*, which resulted in a rare reversal on a second post-conviction petition in a capital case in the Pennsylvania Supreme Court.

Mr. Lukens graduated from LaSalle University (B.A. Political Science, *cum laude*, 1987) and received his law degree from Temple University School of Law (J.D., *magna cum laude*, 1992) where he was an editor on the *Temple Law Review* and received several academic awards. After law school, Mr.

16

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**



Lukens clerked for the Honorable Joseph J. Longobardi, Chief Judge for the United States District Court for the District of Delaware (1992-93).  Mr. Lukens is a member of the bars of the Supreme Court of Pennsylvania (1992-present), the United States Supreme Court (1996-present); the United States District Court for the Eastern District of Pennsylvania (1993-present), the United States Court of Appeals for the Third Circuit (1993-present), and the United States Court of Appeals for the District of New Jersey (1994-present).

Mr. Lukens has several publications, including: *Bringing Market Discipline to Pharmaceutical Product Reformulations*, 42 Int'l Rev. Intel. Prop. & Comp. Law 698 (September 2011) (co-author with Steve Shadowen and Keith Leffler); *Anticompetitive Product Changes in the Pharmaceutical Industry*, 41 Rutgers L.J. 1 (2009) (co-author with Steve Shadowen and Keith Leffler); *The Prison Litigation Reform Act: Three Strikes and You're Out of Court — It May Be Effective, But Is It Constitutional?,* 70 Temp. L. Rev. 471 (1997); *Pennsylvania Strips The Inventory Search Exception From Its Rationale – Commonwealth v. Nace*, 64 Temp. L. Rev. 267 (1991).

## JAMES M. WILSON, JR.

James M. Wilson, Jr. is a Partner in Faruqi & Faruqi LLP's New York office and Chair of the firm's Shareholder Merger Litigation Practice Group.

Prior to joining Faruqi & Faruqi, Mr. Wilson was a partner at Chitwood Harley Harnes, LLP, and a senior associate with Reed Smith, LLP. Mr. Wilson has represented institutional pension funds, corporations and individual investors in courts around the country and obtained significant recoveries, including the following securities class actions: *In re ArthroCare Sec. Litig*. No. 08-0574 (W.D. Tex.) ($74 million); *In re Maxim Integrated Prod. Sec. Litig*., No. 08-0832 (N.D.Cal.) ($173 million); *In re TyCom Ltd. Sec. Litig.*, MDL No. 02-1335 (D.N.H.) ($79 million); and *In re Providian Fin. Corp. Sec. Litig.*, No. 01-3952 (N.D. Cal.).  Mr. Wilson also has obtained significant relief for shareholders in merger suits, including the following: *In re Zoran Corporation Shareholders Litig.*, No. 6212-VCP (Del. Chancery); and *In re The Coca-Cola Company Shareholder Litigation*, No. 10-182035 (Fulton County Superior Ct.).

Mr. Wilson has authored numerous articles addressing current developments including the following Expert Commentaries published by Lexis Nexis: *The Liability Faced By Financial Institutions From Exposure To Subprime Mortgages; Losses Attributable To Sub-Prime Mortgages; The Supreme Court's Decision in Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc. et al.; Derivative Suite by LLC Members in New York: Tzolis v. Wolff*, 10 N.Y.3d 100 (Feb. 14, 2008).

Mr. Wilson obtained his undergraduate degree from Georgia State University (B.A. 1988), his law degree from the University of Georgia (J.D. 1991), and Masters in Tax Law from New York University (LL.M. 1992). He is licensed to practice law in Georgia and New York and is admitted to the United States District



Courts for Middle and Northern Districts of Georgia, the Eastern and Southern Districts of New York, the Eastern District of Michigan and the District of Colorado, and the United States Courts of Appeals for the Second, Fifth and Eleventh Circuits.

## ALEX B. HELLER

Alex B. Heller's practice is focused on securities litigation.  Mr. Heller is a Partner in the firm's Pennsylvania office and Chair of the firm's Shareholder Derivative Litigation Practice Group.

Prior to joining F&F, Mr. Heller was an associate at a prominent law firm in Philadelphia where he focused on commercial litigation and corporate counsel matters.

While attending law school, Mr. Heller worked as a law clerk for a large national law firm and as a legal intern for KPMG.  During law school, Mr. Heller served as a research assistant to the Law & Economics Center at George Mason University School of Law.  Mr. Heller, also during law school, served as an associate editor for the George Mason Law Review.

Mr. Heller is a Certified Public Accountant (CPA).  Prior to law school, he practiced public accounting at PricewaterhouseCoopers LLP and Mazars USA LLP, providing audit and assurance services.

Mr. Heller has authored the following articles: Corporate Death Penalty: Prosecutorial Discretion and the Indictment of SAC Capital, 22 GEO. MASON L. REV. 763 (2015); Co-Author, Cybersecurity Disclosures in SEC Filings: When, How, BLOOMBERG BNA (March 13, 2015).

Mr. Heller earned his J.D. from George Mason University School of Law (J.D. 2015).  Mr. Heller earned his undergraduate degree from American University (B.S. Business Administration, Accounting Specialization, 2008).

Mr. Heller is licensed to practice law in Pennsylvania and New Jersey.  Mr. Heller is admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

## REZA REZVANI

Reza Rezvani is a Partner in the firm's New York office and is Chair of the firm's Personal Injury Litigation Practice Group.  Mr. Rezvani has over 18 years of experience litigating construction accidents and labor law, premises liability, serious motor vehicle accidents, and civil rights cases. Mr. Rezvani has successfully handled hundreds of cases and conducted over 50 jury trials, earning a reputation as a highly skilled trial attorney.

Mr. Rezvani has dedicated his career to representing clients who have been harmed by the actions of others.  Prior to joining F&F, Mr. Rezvani was a trial attorney in a boutique plaintiff's personal injury firm

where his trial skills resulted in over $25,000,000 in recovery for his clients.  Some of Mr. Rezvani's results include:

- $5,100,000 on behalf of a union worker injured when a pallet was dropped on him.
- $3,300,000 for a union worker seriously injured after a brick fell on his foot.
- $2,750,000 for a client who was driving a car struck by a sanitation truck.
- $2,200,000 on behalf of a union worker who fell off a scaffold suffering a head injury.
- $2,200,000 for a union worker injured carrying a heavy load at a job site.
- $1,400,000 for a painter injured after he fell off a faulty scaffold.
- $1,250,000 on behalf of a client who was injured stepping off a misleveled elevator.
- $1,150,000 for the mother of a 21 year old pedestrian struck and killed by a bus.
- $1,100,000 for a client who fell getting off a misleveled elevator.

Mr. Rezvani has represented clients on several high profile Civil Rights cases.  In 2013, Mr. Rezvani obtained a verdict on behalf of six clients who were involuntarily committed to psychiatric hospitals in violation of their constitutional rights.  In 2017, Mr. Rezvani served as trial counsel and helped successfully resolve a Fair Housing Act discrimination case on behalf of nine clients who were displaced from their home due to racial and ethnic discrimination.

In addition to his trial skills, Mr. Rezvani holds a passion for educating and mentoring. Mr. Rezvani serves as an Adjunct Professor at Fordham University School of Law, where he teaches trial skills to law students. Mr. Rezvani has served as the Supervising Attorney for Hofstra Law's Housing Rights Clinic, and was a Clinic Fellow of the law school's Law Reform Advocacy Clinic - where he supervised law students who worked on pro bono cases. Mr. Rezvani has presented at national academic conferences on effective methods to teach law students how to prepare complex cases for trial.

EDUCATION

- J.D., Hofstra University School of Law, 2001
- B.A., Binghamton University, 1998

BAR ADMISSIONS

- New York

## STUART J. GUBER

Stuart J. Guber is a Partner in Faruqi & Faruqi, LLP's Pennsylvania office.

Mr. Guber focuses his practice on representing institutional and individual investors in class actions under the federal securities laws, shareholder derivative suits and mergers and acquisitions litigation, as well as other complex litigation representing consumers.  During his 25-year career as a securities and

19

**NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA          GEORGIA**



complex litigator, Mr. Guber, as one of the lead attorneys, has successfully litigated numerous shareholder cases to settlement and verdict including *In re Rite Aid Pharmacy Sec. Litig.*, No. MDL 1360 (E.D. Pa) ($320 Million settlement of securities class action); *In re Tycom Ltd. Sec. Litig.*, No. 03-CV-03540 (D. Conn.) ($79 million settlement in securities class action); *In re Providian Financial Corp. Sec. Litig.*, No. 01-CV-3952 (N.D. Cal.) ($65 million settlement in securities class action); *In re Bell South Corp. Sec. Litig.*, No. 02-CV-2142 (N.D. Ga.) ($35 million settlement in securities class action); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, No. 1:08-CV-11064 (D. Mass.) ($25 million class action securities settlement in which participating class members will recover over 65% of their losses); *Robbins v. Koger Properties*, No. 90-896-civ-J-10 (M.D. Flo.) (plaintiffs' trial counsel in jury verdict awarding $81.3 million in damages); *Maiocco, et al. v. Greenway Capital Corp.*, et al., NASD No. 94-04396 (Lead trial counsel for plaintiffs in securities arbitration awarding $227,000 in compensatory damages and $100,000 in punitive damages); *Solomon v. T.F.M., Inc.* (achieved defense verdict as lead trial counsel in securities arbitration representing Philadelphia Stock Exchange options trading firm); *Minerva Group LP v. Keane*, Index No. 800621 (Sup. Ct. NY) (mergers and acquisitions case settled for amendments to merger agreement, additional disclosures and a price bump per share to be paid shareholders from $8.40 per share to $9.25 per share in merger consideration). Mr. Guber has successfully litigated consumer class actions (for e.g., *Nepomuceno v. Knights of Columbus*, No. Civ. A. 96 C 4789 (N.D. Ill.), settled for $22 million in life insurance vanishing premium consumer fraud case) and successfully defended at trial a union health and welfare fund being sued by a healthcare provider (*Centre for Neuro Skills, Inc.-Texas v. Specialties & Paper Products Union No. 527 Health and Welfare Fund*, No. CC-07-10150-A (Cty. Ct. Dallas, Tex.), lead trial defense counsel securing a directed verdict in favor of defendant).

Mr. Guber has also been involved as lead or co-lead counsel in litigation producing a number of noteworthy published decisions including: *South Ferry LP v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Koehler v. Brody*, 483 F.3d 590 (8th Cir. 2007); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006); *Garfield v. NDC Health*, 466 F.3d 1255 (11th Cir. 2006); *In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079 (8th Cir. 2005); *Nevius v. Read-Rite Corp.*, 335 F.3d 843 (9th Cir. 2003); *Robbins v. Koger Properties*, 116 F.3d 1441 (11th Cir. 1997); *Schreiber v. Kellogg*, 50 F.3d 264 (3d Cir. 1995); *In re Evergreen Ultra Short Opportunities Fund Se. Litig.*, 275 F.R.D. 382 (D. Mass. 2011) *Marsden v. Select Med. Corp.*, 246 F.R.D. 480 (E.D. Pa. 2007); *In re Friedman's Inc. Securities Litigation*, 385 F. Supp. 2d 1345 (N.D. Ga. 2005); *In re Bellsouth Corp. Sec. Litig.*, 355 F. Supp. 2d 1350 (N.D. Ga. 2005); *Tri-Star Farms Ltd. v. Marconi*, PLC, et al., 225 F. Supp. 2d 567 (W.D. Pa. 2002); *In re Campbell Soup Company Securities Litigation*, 145 F. Supp. 2d 574 (D.N.J. 2001); *In re Rite Aid Corp. Securities Litigation*, 146 F. Supp. 2d 706 (E.D. Pa. 2001); *In re ValuJet, Inc. Securities Litigation*, 984 F. Supp. 1472 (N.D. Ga.1997); *Schreiber v.*

NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA



*Kellogg*, 194 B.R. 559 (E.D. Pa. 1996); *Schreiber v. Kellogg*, 839 F. Supp. 1157 (E.D. Pa. 1993); *Schreiber v. Kellogg*, 838 F. Supp. 998 (E.D. Pa.1993).

Mr. Guber is admitted to practice before the state bars of Pennsylvania and Georgia and is admitted to numerous federal courts including: United States District Courts for the Eastern District of Pennsylvania, Northern District of Georgia, Eastern District of Michigan and District of Colorado; and the United States Circuit Courts of Appeals for the First, Third, Eighth, Ninth, Tenth and Eleventh Circuits. He graduated with a Juris Doctor from Temple University School of Law (1990) and with a B.S. in Business Administration, majoring in accounting from Temple University (1986).

## ROBERT W. KILLORIN

Robert W. Killorin is a Partner with the firm, and is based in Atlanta.  His practice is focused on shareholder merger and securities litigation. Mr. Killorin is an accomplished trial lawyer with over twenty years of experience in civil litigation.  Prior to joining Faruqi & Faruqi, Mr. Killorin was a partner at the firm of Chitwood Harley Harnes, LLP where he specialized in complex securities litigation.  Mr. Killorin has represented numerous individual plaintiffs, as well as institutional pension funds, corporations and individual investors in courts around the country.  He has obtained significant recoveries, including the following securities class actions: *In re FireEye, Inc. Sec. Litig.,* No. 14-266866 ($10 million settlement pending); *In re ArthroCare Sec. Litig.* No. 08-0574 (W.D. Tex.) ($74 million); *In re Maxim Integrated Prod. Sec. Litig.*, No. 08-0832 (N.D. Cal.) ($173 million); *In re TyCom Ltd. Sec. Litig.*, MDL No. 02-1335 (D.N.H.) ($79 million); and *In re Providian Fin. Corp. Sec. Litig.*, No. 01-3952 (N.D. Cal.). Mr. Killorin has obtained significant relief for shareholders in merger suits, including the following: *In re The Coca-Cola Company Shareholder Litigation*, No. 10-182035 (Fulton County Superior Ct.).

Mr. Killorin authored "Preparing Clients to Testify" – Chapter 19 of *Civil Trial Practice, Winning Techniques of Successful Trial Attorneys*, Lawyers and Judges Publishing Company (2000), and has written articles and lectured on various legal topics. He is listed in Who's Who in American Law and is an AV® Preeminent™ Peer Review Rated attorney.

Mr. Killorin obtained his undergraduate degree from Duke University (B.A., cum laude, 1980) and his law degree from the University of Georgia (J.D. 1983) where he was on the national mock trial team and a national moot court team.  He is licensed to practice law in Georgia and is admitted to the United States Supreme Court, the United States Courts of Appeals for the Tenth and Eleventh Circuits, and the United States District Courts for Middle and Northern Districts of Georgia.

## BRADLEY J. DEMUTH

Bradley J. Demuth's practice is focused on complex antitrust litigation with particular expertise in

NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA          GEORGIA

**F&F FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

cases involving pharmaceutical overcharges resulting from delayed generic entry schemes, price fixing, and other anticompetitive conduct.  Mr. Demuth is a partner in the firm's New York office.

Upon graduating, cum laude, from American University Washington College of Law (1999), Mr. Demuth served as a law clerk to the United States Court of Appeals for the Second Circuit.  While thereafter associated with Cadwalader, Wickersham & Taft LLP and Skadden, Arps, Slate, Meager & Flom LLP, Mr. Demuth successfully represented several national and multinational corporate defendants in a wide range of antitrust and other commercial disputes.  His antitrust experience includes litigating issues in the pharmaceutical, high-tech, professional sports, consumer goods, luxury goods, financial benchmarking, commodities, and industrial materials contexts.  In 2008, Mr. Demuth received the Pro Bono Service Award for briefing and arguing an appeal made to the New York Supreme Court Appellate Term (1st Dep't) on behalf of displaced low-income tenants.  From 2009-2010, Mr. Demuth served as a Special Assistant Corporation Counsel and acting lead trial counsel for the City of New York, where among other favorable resolutions, he obtained a verdict for the City after a two-week trial in Richardson v. City of New York (Index. No. 14216-99).

Upon joining the Plaintiffs' bar in 2012, Mr. Demuth has made notable contributions in several high-profile pharmaceutical antitrust cases that resulted in significant recoveries, including in:

• American Sales Company, LLC v. Pfizer, Inc. (E.D. Va.) (re Celebrex) (October 2017 $94 million dollar settlement pending final approval);

• In re Aggrenox Antitrust Litigation (D. Conn.) ($146 million settlement);

• Castro v. Sanofi Pasteur, Inc. (D.N.J.) (re Menactra) ($61.5 million settlement); and

• In re Flonase Antitrust Litigation (E.D. Pa.) ($150 million settlement).

Mr. Demuth is also currently involved in several other pending high-profile pharmaceutical antitrust matters including:  In re Generic Pharmaceutical Pricing Antitrust Litigation (E.D. Pa.); In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation (E.D.N.Y.); and In re Intuniv Antitrust Litigation (D. Mass.).

Mr. Demuth is a member of the New York State bar and is admitted to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York and the District of Colorado.

## DAVID FELDERMAN

David Felderman is a Partner in Faruqi & Faruqi, LLP's Pennsylvania office.  Mr. Felderman has extensive experience in complex litigation.

Prior to Faruqi & Faruqi, Mr. Felderman was a Partner at Spector, Roseman & Kodroff, P.C. (2000-2018) where he handled class action litigation with a focus on antitrust and securities fraud cases.  In

22



addition, from 2008 through 2018, he served as the Partner in charge of the day-to-day operations of the firm's Global Portfolio Monitoring Platform where he provided portfolio monitoring services to institutional investors including public pension funds, Taft-Hartley funds, asset managers, and other institutional investors.

Throughout his career, Mr. Felderman has participated in litigating numerous securities fraud and antitrust class actions including the following:  In re The Bancorp, Inc. Securities Litigation, No. 14 Civ. 0952 (GMS) (D. Del.); In re Sunoco, Inc., April Term, 2012, No. 3894 (Pa. Common Pleas, Phila. County); In re Harleysville Mutual, November Term, 2011, No. 2137 (Pa. Common Pleas, Phila. County); In re Lehman Brothers Holdings, Inc. Equity/Debt Securities Litigation, No. 08-cv-5523 (S.D.N.Y.); In re Alltel Shareholder Litigation, Civ. No. 2975-CC (Del. Chancery); In re Converium/SCOR Holding (Switzerland) AG Litigation, No. 04 Civ. 7897 (DLC) (S.D.N.Y.); In re AOL Time Warner Securities Litigation, MDL Docket No. 1500 (S.D.N.Y.); Stop & Shop Supermarket Co. v. Smithkline Beecham Corp., No. 03-cv-04578; In re Insurance Brokerage Antitrust Litigation, No. 04-5184 (D. N.J.); In re Monosodium Glutamate Antitrust Litigation, MDL Docket No. 1328 (D. Minn); and In re Flat Glass Antitrust Litigation, MDL No. 1200 (W.D. Pa.).

Mr. Felderman was also previously associated with McEldrew & Fullam, P.C. (1998-2000) where his practice focused on medical malpractice and product liability litigation.  Prior to that, Mr. Felderman served as a law clerk to the Honorable Bernard J. Goodheart in the Philadelphia Court of Common Pleas.

Professionally, Mr. Felderman served a three-year term (2000-2002) as a member of the Executive Committee of the Philadelphia Bar Association's Young Lawyers Division where he Co-Chaired Legal Line, P.M. for three consecutive years.  Under his leadership, Legal Line, P.M. won the National Association of Bar Executives 2001 LEXIS Community and Education Outreach Award.  Mr. Felderman also formerly served as a member of the Philadelphia Bar Association's State Civil Committee (1998-1999) and the Pennsylvania Trial Lawyers Association's New Lawyer Section Leadership Council (1998-1999).

Additionally, Mr. Felderman currently serves as a member of the Penn Alumni Interview Program where he is responsible for interviewing prospective freshman.  Mr. Felderman previously served as a member of the Board Directors of the Penn Alumni Club of Philadelphia (2002-2006) where he served as President (2004-2006) and Chair of the Membership Committee (2004-2006).  He also served as a member of the Board of Directors of Penn's Alumni Class Leadership Council (2003-2008) where he served a two-year term as Chair of the By-Laws Committee (2006-2008).  Moreover, Mr. Felderman served as a member of the Board of Directors of the Alumni Society of The William Penn Charter School (1998-2001) where he served a one-year term as Secretary (2000-2001).  He has also served as a Class Agent since 1998 and served as the Reunion Chair for the Class of 1987's 15th, 20th, 25th, and 30th reunions.

Mr. Felderman earned his J.D., cum laude, from Temple University, Beasley School of Law (1996).  He is also a graduate of the University of Pennsylvania (B.A., Economics, 1991).

23

**NEW YORK          CALIFORNIA          DELAWARE          PENNSYLVANIA          GEORGIA**



## TIMOTHY J. PETER

Timothy J. Peter is a Partner in Faruqi & Faruqi, LLP's Pennsylvania office and Chair of the firm's Consumer Protection Litigation Practice Group.

Prior to joining Faruqi & Faruqi, Mr. Peter was an Associate at Cohen Placittella & Roth, P.C. where he was involved in such high profile litigation as: *In re Vioxx Products Liability Litigation* ($8.25 million recovery for the Commonwealth of Pennsylvania) and *In re Evergreen Ultra Short Opportunities Fund Securities Litigation* ($25 million class action securities settlement in which participating class members will recover over 65% of their losses). In addition, Mr. Peter played an important role in the resolution of *In re Minerva Group LP v. Mod-Pac Corp., et al.*, in which defendants increased the price of an insider buyout from $8.20 to $9.25 per share, a significant victory for shareholders. Prior to attending law school, Mr. Peter worked for one of largest financial institutions in the world where he gained significant insight into the inner workings of the financial services industry.

Mr. Peter is a 2009 cum laude graduate of the Michigan State University College of Law, where he served as an associate editor of the Journal of Medicine and Law. He received his undergraduate degree in Economics from the College of Wooster in 2002.

Mr. Peter is admitted to practice in the Commonwealth of Pennsylvania and the U.S. District Court for the Eastern District of Pennsylvania.

## ADAM STEINFELD

Adam Steinfeld is a Partner in Faruqi & Faruqi, LLP's New York office. He practices in the area of antitrust litigation with a focus on competition in the pharmaceutical industry.

Mr. Steinfeld has litigated successfully with significant contributions in *In re Buspirone Patent & Antitrust Litigation*, MDL No. 1410 (S.D.N.Y.) ($220M settlement); *In re Cardizem CD Antitrust Litigation*, No. 99-MD-1278 (E.D. Mich.) ($110M settlement); *In re Relafen Antitrust Litigation*, No. 01-12239 (D. Mass.) ($175M settlement); *In re Remeron Direct Purchaser Antitrust Litigation*, No. 03-cv-0085 (D.N.J.) ($75M settlement); *In re Terazosin Hydrochloride Antitrust Litigation*, No. 99-MDL-1317 (S.D. Fla.) ($72.5M settlement); *In re Tricor Direct Purchaser Antitrust Litig.*, No. 05-340 (D. Del.) ($250M settlement); and *Mylan Pharms., Inc. v. Warner Chilcott*, No. 12-cv-3824 (E.D. Pa.) ($12 million settlement).

Prior to joining Faruqi & Faruqi, Mr. Steinfeld was associated with Grant and Eisenhofer, P.A. (2011-2015) and a partner at Garwin, Gerstein and Fisher, LLP, New York (1997-2009).

Mr. Steinfeld is the author of Nuclear Objections: The Persistent Objector and the Legality of the Use of Nuclear Weapons, 62 Brooklyn L. Rev. 1635 (winter, 1996).

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**



Mr. Steinfeld received his law degree from Brooklyn Law School (J.D., 1997) where he was an editor on the Brooklyn Law Review and received several academic awards.  Mr. Steinfeld is a member of the bars of the States of New York, New Jersey and Massachusetts; and is admitted to practice before the United States District Courts for the District New Jersey, Eastern District of New York, Southern District of New York, and Western District of New York.  Mr. Steinfeld graduated from Brandeis University (B.A., Politics, 1994).

## MICHAEL VAN GORDER

Michael Van Gorder's practice is focused on securities litigation.  Mr. Van Gorder is a Partner in the firm's Delaware office.

Prior to joining F&F, Mr. Van Gorder served as a law clerk to the Honorable James T. Vaughn, Jr. of the Delaware Supreme Court (2015-16).  While attending law school, Mr. Van Gorder served as the Editor-in-Chief of the Delaware Journal of Corporate Law and was selected as a Josiah Oliver Wolcott Fellow with the Delaware Supreme Court.  Before law school, Mr. Van Gorder worked in the private bank of a global financial services firm where he held multiple securities licenses.

Mr. Van Gorder has authored the following article:  Boilermakers v. Chevron:  Are Board Adopted Arbitration Bylaws Valid Under Delaware's General Corporation Law?, 39 Del. J. Corp. L. 443 (2014).

Mr. Van Gorder received his J.D., magna cum laude, from Widener University School of Law (2015).  Mr. Van Gorder received his B.S., Business Management, 2008; M.B.A., Finance, 2011, from Wilmington University.

Mr. Van Gorder is licensed to practice law in the state of Delaware and is admitted to the United States District Courts for the District of Delaware and District of Colorado.

## BENJAMIN HEIKALI

Benjamin Heikali's practice is focused on securities and consumer litigation.  Mr. Heikali is a Partner in the firm's Los Angeles office.

Prior to joining F&F, Mr. Heikali interned at the U.S. Securities and Exchange Commission, Division of Enforcement, focusing on municipal bond litigation and financial fraud work.

Mr. Heikali graduated U.C.L.A. School of Law (J.D., 2015).  During law school, Mr. Heikali was awarded the Masin Family Academic Excellence Award for outstanding performance; and the 2015 American College of Bankruptcy Law Meet, "Best Term Sheet."  As well, Mr. Heikali served as Staff Editor of the U.C.L.A. Entertainment Law Review.  Mr. Heikali received his B.A. in Psychology, with honors, from University of Southern California, 2012.

Mr. Heikali is licensed to practice law in California and is admitted to practice before the United

25

**NEW YORK**　　　**CALIFORNIA**　　　**DELAWARE**　　　**PENNSYLVANIA**　　　**GEORGIA**



States District Courts for the Central, Northern, Southern, and Eastern Districts of California and the United States Court of Appeals for the Ninth Circuit.

## NINA VARINDANI

Nina Varindani is a Partner in Faruqi & Faruqi, LLP's New York office.

Prior to joining the firm, Ms. Varindani practiced commercial litigation at Milber Makris Plousadis & Seiden, LLP where she represented directors, officers and other professionals and corporations in complex commercial litigation in federal and state courts.   Additionally, Ms. Varindani gained further litigation experience in law school through internships at Collen IP and the New York State Judicial Institute.

Ms. Varindani is licensed to practice law in New York and is admitted to practice before the United States District Courts for the Southern District of New York and the Eastern District of New York.

Ms. Varindani graduated from the George Washington University (B.A. in Psychology, 2006) and Pace Law School (J.D., 2010).

## INNESSA MELAMED HUOT

Innessa Melamed Huot is a Partner in the firm's New York office and Chair of the firm's Employment Practices Litigation Practice Group.

Ms. Huot represents employees across the country in both individual and class action lawsuits. Ms. Huot has litigated cases in both federal and state courts, involving FLSA claims, state wage and hour violations, discrimination and harassment claims, retaliation matters, FMLA and ADA violations, breach of contract disputes, and other employment-related violations.   Ms. Huot has served as lead or co-lead counsel in numerous cases filed against major businesses and corporations, and has successfully recovered millions of dollars on behalf of her clients.

Ms. Huot is active in multiple bar associations, including the Brooklyn Bar Association's Young Lawyers Section, American Bar Association's Section of Labor and Employment, the National Employment Lawyers Association (NELA), and the American Association for Justice (AAJ).

Ms. Huot earned her J.D., *magna cum laude*, from Pace Law School and her M.B.A. in Finance, *summa cum laude*, from Pace Lubin School of Business.  Ms. Huot graduated from Syracuse University with a B.A., *summa cum laude*, in Political Science and International Relations.

Ms. Huot is licensed to practice law in New York, New Jersey, and Connecticut and is admitted to practice before the United States District Courts for the Southern District, Eastern District, Western District, and Northern District of New York, the District of New Jersey, and the Second Circuit Court of Appeals.

26



## MEGAN SULLIVAN

Megan Sullivan is a Partner in Faruqi & Faruqi, LLP's New York office.

Prior to joining the firm, Ms. Sullivan was a litigation associate at Crosby & Higgins LLP where she represented institutional and individual investors in securities arbitrations before FINRA and counseled corporate clients in commercial disputes in federal court.  Additionally, Ms. Sullivan gained further litigation experience in law school through internships at the Kings County District Attorney's Office and the Adjudication Division of the New York City Department of Consumer Affairs.

Ms. Sullivan graduated from the University of California, Los Angeles (B.A., History, 2008) and from Brooklyn Law School (J.D., *cum laude*, 2011).  While at Brooklyn Law School, Ms. Sullivan served as Associate Managing Editor of the Brooklyn Journal of Corporate, Financial and Commercial Law.

Ms. Sullivan is licensed to practice law in the State of New York, and is admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Ninth Circuit.

## KATHERINE M. LENAHAN

Katherine M. Lenahan is a Partner in Faruqi & Faruqi, LLP's New York office.

Prior to joining Faruqi & Faruqi, Ms. Lenahan practiced securities litigation at Entwistle & Cappucci LLP. Ms. Lenahan gained further experience through internships for the Honorable Sherry Klein Heitler, Administrative Judge for Civil Matters, First Judicial District, and the Kings County District Attorney's Office.

Ms. Lenahan graduated from Fordham University (B.A., Political Science, *magna cum laude*, 2009) and Fordham University School of Law (J.D., 2012). While at Fordham Law School, Ms. Lenahan served as an associate editor of the Fordham Intellectual Property, Media and Entertainment Law Journal and was a fellow at the Center on Law and Information Policy.

Ms. Lenahan is licensed to practice law in New York, and is admitted to the United States District Court for the Southern District of New York, and the United States Courts of Appeals for the Second and Ninth Circuits.

## STEPHEN G. DOHERTY

Stephen Doherty is Senior Counsel in the Pennsylvania office of Faruqi & Faruqi, LLP.   Mr. Doherty practices in the area of antitrust law and is significantly involved in prosecuting antitrust class actions on behalf of direct purchasers of brand name and generic drugs and charging pharmaceutical manufacturers with price fixing and with illegally blocking the market entry of less expensive competitors.

27

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**



Earlier in his career, Mr. Doherty litigated consumer fraud and employment discrimination cases in both state and federal courts in Pennsylvania and New Jersey.  He has served on numerous volunteer boards, including Gilda's Club of Delaware Valley and the BCBA Pro Bono Committee, has served as a volunteer instructor for VITA Education Services, and as a pro bono lawyer for the Consumer Bankruptcy Assistance Project.

Mr. Doherty is a 1992 graduate of Temple University Law School, where he was senior staff for the Temple Law Review and received several academic awards and is the author of Joint Representation Conflicts of Interest: Toward A More Balanced Approach, 65 Temp. L. Rev. 561 (1992).  Mr. Doherty is a 1988 graduate of Dickinson College (B.A., Anthropology and Latin American Studies).

## NEILL CLARK

Mr. Clark is Of Counsel in Faruqi and Faruqi, LLP's Pennsylvania office.

Before joining the firm, Mr. Clark was an associate at Berger & Montague, P.C. where he was significantly involved in prosecuting antitrust class actions on behalf of direct purchasers of brand name drugs and charging pharmaceutical manufacturers with illegally blocking the market entry of less expensive competitors.

Eight of those cases have resulted in substantial settlements totaling over $950 million: *In re Cardizem CD Antitrust Litig.* settled in November 2002 for $110 million; *In re Buspirone Antitrust Litig.* settled in April 2003 for $220 million; *In re Relafen Antitrust Litig.* settled in February 2004 for $175 million; *In re Platinol Antitrust Litig.* settled in November 2004 for $50 million; *In re Terazosin Antitrust Litig.* settled in April 2005 for $75 million; *In re Remeron Antitrust Litig.* settled in November 2005 for $75 million; *In re Ovcon Antitrust Litig.* settled in 2009 for $22 million; and *In re Tricor Direct Purchaser Antitrust Litig.* settled in April 2009 for $250 million.

Mr. Clark was also principally involved in a case alleging a conspiracy among hospitals and the Arizona Hospital and Healthcare Association to depress the compensation of per diem and traveling nurses, *Johnson et al. v. Arizona Hospital and Healthcare Association et al.*, No. CV07-1292 (D. Ariz.).

Mr. Clark was selected as a "Rising Star" by Pennsylvania Super Lawyers and listed as one of the Top Young Lawyers in Pennsylvania in the December 2005 edition of Philadelphia Magazine.  Two cases in which he has been significantly involved have been featured as "Noteworthy Cases" in the NATIONAL LAW JOURNAL articles, "The Plaintiffs' Hot List" (*In re Tricor Antitrust Litig.* October 5, 2009 and *Johnson v. Arizona Hosp. and Healthcare Ass'n.*, October 3, 2011).

Mr. Clark graduated cum laude from Appalachian State University in 1994 and from Temple University Beasley School of Law in 1998, where he earned seven "distinguished class performance" awards, an oral advocacy award and a "best paper" award.

28



## RAYMOND N. BARTO

Raymond N. Barto's practice is focused on antitrust litigation.  Mr. Barto is an associate in the firm's New York office.

Prior to joining F&F, Mr. Barto was an associate at a prominent New York City law firm where he represented consumers, shareholders, and employees in class action cases that involved consumer fraud, breach of fiduciary duty, and ERISA.

While at Brooklyn Law School, Mr. Barto served as an Articles Editor for the Brooklyn Law Review.  As well, Mr. Barto served as an intern to the Honorable Judge William Pauley III of the United States District Court for the Southern District of New York; the United States Attorney's Office for the Eastern District of New York; the litigation department for Marsh & McLennan Companies; and the Kings County District Attorney's Office.

Mr. Barto earned his J.D, cum laude, from Brooklyn Law School (2013).  Mr. Barto earned his undergraduate degree from Fordham University (B.A., History, 2007).

Mr. Barto is licensed to practice law in New York and New Jersey.

## CASSANDRA ROHME

Cassandra Rohme is an Associate in the firm's New York office in personal injury law litigation.  She has over five years of experience litigating construction accidents and labor law, premises liability, serious motor vehicle accidents, and civil rights cases.  She has successfully litigated hundreds of cases and conducted nearly 20 jury trials.

Prior to joining F&F, Ms. Rohme was a trial attorney representing the City of New York and its employees where she earned a reputation as a highly skilled trial attorney.

In addition to her trial skills, Ms. Rohme holds a passion for educating and mentoring. She serves as an Adjunct Professor at Fordham University School of Law, where she teaches trial skills to law students.  Ms. Rohme was selected as a finalist to receive Fordham Law's 2019 Adjunct Professor of the Year award.

Ms. Rohme earned her J.D. from Fordham University School of Law, 2014.  Ms. Rohme earned her B.A. from the University at Albany, 2003 and her M.A. from John Jay College of Criminal Justice, 2009.

Ms. Rohme is licensed to practice law in New York.

## DAVID CALVELLO

David Calvello is an Associate in Faruqi & Faruqi, LLP's New York office where his focus is litigating Antitrust matters.



Mr. Calvello graduated from the University of Richmond (B.S., 2011) with a double major in Finance and Political Science and Pace Law School (J.D., *magna cum laude*, 2014). He is licensed to practice law in New York and New Jersey and is admitted to practice before the United States District Court for New Jersey.

Prior to joining Faruqi & Faruqi, Mr. Calvello was as an Associate at Kaufman Borgeest & Ryan, LLP where he focused primarily on insurance coverage matters with respect to Directors & Officers (D&O), Errors & Omissions (E&O), and Professional Liability lines of coverage. In law school, Mr. Calvello served as an editor on the Pace International Law Review and received the New Rochelle Bar Association Award upon graduation. He was also very active in moot court competitions, and competed in the Willem C. Vis International Commercial Arbitration Moot held in Vienna, Austria.

## SHERIEF MORSY

Sherief Morsy's practice is focused on securities litigation. Mr. Morsy is an Associate in the firm's New York office.

Prior to joining F&F, Mr. Morsy was a litigation associate at a New York law firm where he specialized in New York State Appellate practice. Mr. Morsy also gained litigation experience as an intern with the Honorable Shira A. Sheindlin, Southern District of New York (2013). He interned as well with a New York securities firm, a multinational corporation, and the King's County DA's office.

Mr. Morsy received his J.D., cum laude, from Brooklyn Law School, 2014. While at Brooklyn Law School, Mr. Morsy was a Notes and Comments Editor of the Brooklyn Law Review. He is the author of The JOBS Act and Crowdfunding: How Narrowing the Secondary Market Handicaps Fraud Plaintiffs, 79 Brook. L. Rev. (2014), Brooklyn Law Review, Vol. 79, Issue 3. Mr. Morsy received his B.A. in Political Science and Philosophy, Rutgers University, 2010.

Mr. Morsy is licensed to practice law in New York and New Jersey and is admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

## ALEX HARTZBAND

Alex Hartzband's practice is focused on employment litigation. Mr. Hartzband is an associate in the firm's New York office.

Prior to joining F&F, Mr. Hartzband was an associate at a prominent New York firm where he represented employees on an individual and class basis on employment matters including, but not limited to: discrimination; sexual harassment; whistleblower retaliation; and breach of contract. As well during law school, Mr. Hartzband worked with a New York firm that represented labor unions and individual employees. Mr. Hartzband was a member of Fordham Law's Moot Court Board.

**NEW YORK      CALIFORNIA      DELAWARE      PENNSYLVANIA      GEORGIA**



Mr. Hartzband earned his J.D. from Fordham University School of Law (J.D. 2015).  Mr. Hartzband earned his undergraduate degree from George Washington University (B.A., History, 2012).

Mr. Hartzband is licensed to practice law in New York and New Jersey.  Further, Mr. Hartzband is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

## KRISTYN FIELDS

Kristyn Fields' practice is focused on antitrust litigation.  Ms. Fields is an Associate in the firm's New York office.

Prior to joining F&F, Ms. Fields interned for the Honorable Martin Marcus, New York Supreme Court, Bronx County.  As well, Ms. Fields participated in the Brooklyn Law Incubator & Policy Clinic providing pro bono counsel to emerging start-up companies.  While at Brooklyn Law School, Ms. Fields served as an Executive Articles Editor of the Brooklyn Journal of Corporate, Financial & Commercial Law.  Also, Ms. Fields was a member of the Moot Court Honor Society.

Ms. Fields earned her J.D. from Brooklyn Law School (2016).  Ms. Fields earned her undergraduate degree from Boston College (B.A., Political Science, 2013).

Ms. Fields is licensed to practice law in New York.

## PATRICK J. COLLOPY

Patrick Collopy's practice is focused on employment litigation. Mr. Collopy is an Associate in the firm's New York office.

Prior to joining the firm, Mr. Collopy served as a legal intern at a New York law firm. Mr. Collopy gained experience in employment law while interning on Capital Hill at the Congressional Office of Compliance. Additionally, gained further litigation experience as a legal intern at the Kings County District Attorney's Office.

Mr. Collopy earned his J.D. from Brooklyn Law School (2016) and his undergraduate degree from Fordham University (B.A., History; Minor in Economics, 2009).

Mr. Collopy is licensed to practice law in New York.

## DILLON HAGIUS

Dillon Hagius's practice is focused on securities litigation.  Mr. Hagius is an Associate in the firm's New York office.

Prior to joining F&F, Mr. Hagius served as a judicial clerk in Maryland's 10th Judicial District.  At UCLA Law School, Mr. Hagius was a research assistant; an Empirical Legal Scholar; a staff editor on the

31

**NEW YORK**      **CALIFORNIA**      **DELAWARE**      **PENNSYLVANIA**      **GEORGIA**



UCLA Journal of International Law and Foreign Affairs and travelled to the Eastern Congo to research gender violence. As well in law school, Mr. Hagius externed at the Securities and Exchange Commission in the Division of Corporation Finance, Office of the Enforcement Liaison and the Office of International Affairs.

Mr. Hagius earned his J.D. from UCLA School of Law, Los Angeles, CA (J.D. 2016, Dean's Scholarship). Mr. Hagius graduated from the University of Maryland, College Park (B.S. International Business with honors, 2013).

Mr. Hagius is barred in the states of New York, Maryland, California and the District of Columbia, and the United States District Court for the Northern District of California.

## JOSHUA NASSIR

Joshua Nassir's practice is focused on consumer litigation. Mr. Nassir is an associate in the firm's California office.

Since joining the F&F team, Mr. Nassir has litigated numerous actions on behalf of consumers including, but not limited to, cases against Sun-Maid Growers of California; Innovation Ventures; LLC (5-hour ENERGY®); Dr Pepper Snapple Group, Inc.; Craft Brew Alliances, Inc. (Kona beer); and Skeeter Snacks, LLC.

Prior to Faruqi & Faruqi, Mr. Nassir worked with a prominent LA firm where he focused on litigation.

During law school, Mr. Nassir served as a full-time Judicial Extern for the Honorable Philip S. Gutierrez, United States District Court for the Central District of California. As well, he was a staff editor for the UCLA School of Law Journal of Environmental Law & Policy and was heavily involved in the school's Moot Court and Mock Trial tournaments.

Mr. Nassir earned his J.D. from UCLA School of Law, 2017. Mr. Nassir received his undergraduate degree from UCLA (B.A. History, cum laude, 2014.)

Mr. Nassir is admitted to practice in California.

## SAMI AHMAD

Sami Ahmad's practice is focused on securities litigation. Mr. Ahmad is an Associate in the firm's New York office.

While at law school, Mr. Ahmad worked as an honors intern at the Securities and Exchange Commission, Division of Trading and Markets. Mr. Ahmad was also a research assistant at the George Washington University School of Business where he assisted on contract law assignments. Also at law school, Mr. Ahmad served as a staff editor of the George Washington University Business and Finance Law Review.

32

**F&F FARUQI & FARUQI** LLP
ATTORNEYS AT LAW

Prior to law school, Mr. Ahmad worked as a financial analyst at the firm's New York office.  While obtaining his bachelor's degree, Mr. Ahmad gained experience working as an equities research intern and summer associate at Merrill Lynch and Goldman Sachs.

Mr. Ahmad earned his Juris Doctor from George Washington University Law School (J.D. 2018).  Mr. Ahmad earned his undergraduate degree from McGill University (B.A. with Honors, History and Economics, 2011).

## MAXWELL MICHAEL

Maxwell Michael's practice is focused on shareholder merger and securities litigation.  Mr. Michael is an associate in Faruqi & Faruqi, LLP's New York office.

During law school, Mr. Michael was awarded the Masin Family Academic Excellence Award for outstanding performance.  Mr. Michael was also a research assistant whose primary research was on Delaware General Corporation Law and State Fiduciary Duties.

Mr. Michael earned his J.D. from UCLA School of Law (2018) with specializations in Mergers and Acquisitions and Securities Regulation.  Mr. Michael earned his undergraduate degree from Baruch College (B.B.A., 2015, summa cum laude) where he majored in Finance with a double minor in Advanced Business Analysis and History.

Mr. Michael is licensed to practice law in New York.

33

**NEW YORK        CALIFORNIA        DELAWARE        PENNSYLVANIA        GEORGIA**