**Exhibit A**

JOHN J. HOFFMAN
ATTORNEY GENERAL OF NEW JERSEY
Division of Law – 5th Floor
124 Halsey Street
P.O. Box 45029
Newark, New Jersey 07101
Attorney for the Board of Pharmacy



By:    Megan Cordoma
       Deputy Attorney General
       Tel. No. (973) 648-4730

                                  STATE OF NEW JERSEY
                                  DEPARTMENT OF LAW & PUBLIC SAFETY
                                  DIVISION OF CONSUMER AFFAIRS
                                  STATE BOARD OF PHARMACY

---

IN THE MATTER OF THE SUSPENSION          :
OR REVOCATION OF THE LICENSE OF          :
                                         :      CONSENT ORDER GRANTING
                                                REINSTATEMENT
     **Babak Bamdad, R.P.**               :     OF LICENSE
     License No.: 28RI02778300           :
                                         :
TO PRACTICE PHARMACY IN THE              :
STATE OF NEW JERSEY                      :
                                         :

---

This matter was opened to the New Jersey State Board of Pharmacy ("Board") upon receipt of Respondent Babak Bamdad's (Respondent) petition for reinstatement of his license to practice pharmacy in the State of New Jersey. On June 1, 2010, Respondent pled guilty to third degree Medicaid fraud in violation of N.J.S.A. 30:4D-17(b) based on allegations related to his employment as a pharmacist. On August 18, 2010, he was sentenced to a term of probation for a period of three years and payment of approximately $40,000 in restitution to the police department and Medicaid. By Consent Order dated June 9, 2010, Respondent agreed that his license to practice pharmacy in the State of New Jersey would be suspended for a minimum period of 30 months and that, prior to Board consideration of any petition for reinstatement, he would show full compliance with the terms of his

criminal sentence.

Respondent appeared with counsel and testified before a committee of the Board on December 17, 2013 in support of his petition for reinstatement of his license to practice pharmacy in New Jersey. He expressed remorse for his actions and appeared to understand the seriousness of his behavior and was able to articulate clearly the proper way to handle situations similar to those which resulted in his conviction. Respondent provided documentation showing full compliance with his criminal sentencing terms. He has attempted to keep up with the practice of pharmacy by taking continuing education (CE) courses and reading pharmacy journals and periodicals. Subsequent to his appearance, at the request of the Board, Respondent enrolled in and successfully completed a Board approved ethics course and the Pharmacist Assessment for Remediation Evaluation (PARE) exam.

The Board finding that Respondent has demonstrated sufficient rehabilitation, fitness and ability to practice pharmacy, and has complied with the conditions set forth in the Consent Order of December 9, 2010, and the parties, having agreed to resolution of this matter without formal proceedings, and Respondent, having agreed and given his voluntary consent to the within order and waiving any right to a hearing, and the Board finding the within disposition adequately protective of the public health, safety, and welfare, and other good cause having been shown;

IT IS, therefore on this _____16th_____ day of _February_, 2016

**ORDERED THAT:**

1.    Respondent's license to practice pharmacy in the State of New Jersey shall be reinstated immediately, subject to the terms of this Order.

2.    Respondent shall not act as a preceptor or pharmacist-in-charge (RPIC) at any pharmacy, and shall not own or have an ownership interest in any pharmacy. Respondent may petition the Board to remove this requirement upon submission of written documentation of a

minimum of two years of employment as a pharmacist.

3.      Respondent shall provide a copy of this Order to all employers where a pharmacy license is required for employment or where the Respondent has access to medication, prescriptions or patient profiles.   Respondent shall ensure that each employer notifies the Board in writing that he or she has received this Order and is aware of his Federal and State exclusion/debarment status prior to Respondent beginning employment. Respondent shall inform the Board in writing of any employment changes, including periods of unemployment, and shall also provide a detailed description of each job, his role and responsibilities.   Respondent may petition the Board to remove this requirement upon submission of written documentation that he is no longer on the Federal OIG exclusion list and New Jersey State debarment list.

4.      Respondent shall provide documentation to the Board within three months of the date this Order is filed showing successful completion of ten (10) Board approved continuing education credits in clinical practice.   These credits shall be in addition to those continuing education credits required by N.J.A.C. 13:39-3A.1 et seq.

NEW JERSEY STATE BOARD OF PHARMACY

By: _____
      Thomas F.X. Bender, R.P.
      Board President

I have read the within Order, understand
and agree to its terms and agree to be
bound by them.   I consent to the entry of
the Order.

Approved as to form and entry:

_____          _____
Babak Bamdad, R.P.                                           Mathew Mandel, Esq.
                                                                          Attorney for Respondent Babak Bamdad RP

Page 3 of  3

minimum of two years of employment as a pharmacist.

3.      Respondent shall provide a copy of this Order to all employers where a pharmacy license is required for employment or where the Respondent has access to medication, prescriptions or patient profiles.   Respondent shall ensure that each employer notifies the Board in writing that he or she has received this Order and is aware of his Federal and State exclusion/debarment status prior to Respondent beginning employment. Respondent shall inform the Board in writing of any employment changes, including periods of unemployment, and shall also provide a detailed description of each job, his role and responsibilities.   Respondent may petition the Board to remove this requirement upon submission of written documentation that he is no longer on the Federal OIG exclusion list and New Jersey State debarment list.

4.      Respondent shall provide documentation to the Board within three months of the date this Order is filed showing successful completion of ten (10) Board approved continuing education credits in clinical practice.   These credits shall be in addition to those continuing education credits required by N.J.A.C. 13:39-3A.1 et seq.

NEW JERSEY STATE BOARD OF PHARMACY

By: _____
            Thomas F.X. Bender, R.P.
            Board President

I have read the within Order, understand
and agree to its terms and agree to be
bound by them.  I consent to the entry of
the Order.

Approved as to form and entry:

_____            _____
B.  _Bamdad_ R.P.                                Matt Mathew Mandel, Esq.

Babak Bamdad, R.P.                              Attorney for Respondent Babak Bamdad RP

Page 3 of  3