**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually, and On Behalf of All Others Similarly Situated, | No. 1:19-cv-07319-ER |
| Plaintiff, | **BABAK BAMDAD'S REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL** |
| v. | |
| ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP, | |
| Defendants. | |

Pursuant to Federal Rule of Evidence ("FRE") 201,[1] Babak Bamdad ("Bamdad") respectfully requests that the Court take judicial notice of the fact that his plea of guilty to a count of third degree Medicaid fraud and his related arrest have been expunged, as set forth in the Order Granting Expungement ("Expungement Order") recently entered by the Superior Court of New Jersey, Law Division: Hudson County (Ex. A).[2]  This request is made in connection with Bamdad's motion seeking appointment as Lead Plaintiff and approval of his selection of counsel as Lead Counsel.  *See* ECF Nos. 20-23, 32, 36.

Under FRE 201, a court may take judicial notice of an adjudicative fact that can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned ("Readily Determinable").  *See* FRE 201(a)-(b).  The Court can take judicial notice of the fact that Bamdad's conviction was expunged because it is an adjudicative fact—*i.e.*, a fact relevant to the case—that is Readily Determinable.  *See id.*; Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Practice & Procedure: Evidence* ("Wright & Graham") § 5103.3 n.64 (2d ed. Supp. 2019).

Specifically, the expungement is relevant to Bamdad's motion because opposing movant Local 705 International Brotherhood of Teamsters Pension Fund ("Local 705") argued that Bamdad is inadequate to represent the class as a result of his prior conviction.  *See, e.g.*, ECF No. 32 at 3-6.  Although Bamdad's prior conviction is irrelevant to his adequacy to serve as Lead

---

[1]    Unless otherwise noted, all emphases are added and all internal citations and quotations are omitted.

[2]    Ex. A is annexed to the Declaration of Richard W. Gonnello submitted herewith. Bamdad was emailed a copy of the Expungement Order on October 28, 2019, the day that reply briefs in further support of the motions for Lead Plaintiff were due.  Bamdad's counsel learned of the Expungement Order the following day and sought to submit it to the Court immediately. In any event, pursuant to FRE 201(d), the Court "may take judicial notice at *any* stage of the proceeding."  FRE 201(d).

Plaintiff (ECF No. 36 at 4-10, ECF No. 37 at ¶¶3-7), the Expungement Order moots Local 705's argument.  Pursuant to the Expungement Order, Bamdad's conviction "***shall be deemed, in contemplation of law, not to have occurred[.]***"  Order at 2.  Thus, his conviction is ***as if it never existed***, and therefore "is not a relevant consideration as to whether [Bamdad] is an adequate class representative."  *Scuderi v. Mammoth Energy Services, Inc.*, No. Civ.-19-522-SLP, 2019 WL 4397340, at *4 n.7 (W.D. Okla. Sept. 13, 2019) (declining to consider prior felony conviction in determining a potential lead plaintiff's adequacy in a proposed securities fraud class action where "[t]he conviction was expunged by the New Jersey Superior Court and under New Jersey law, the expungement deems [him] no longer a convicted felon[]" (citing N.J. Stat. Ann. § 2C:52-27)).  Indeed, "the primary objective of [expungement is] providing relief to the reformed offender ***who has led a life of rectitude and disassociated himself with unlawful activity***[.]"  *See* N.J. Stat. Ann. § 2C:52-32.  Pursuant to this objective, New Jersey has gone so far as to provide, in its Code of Criminal Justice, that a person who knowingly reveals the existence of an expunged conviction has committed a disorderly persons offense.  *See* N.J. Stat. Ann. § 2C:52-30 ("[A]ny person who reveals to another the existence of an arrest, conviction or related legal proceeding with knowledge that the records and information pertaining thereto have been expunged or sealed is a disorderly person[,]" and can be fined up to $200).

The fact of the expungement itself is Readily Determinable because it can be readily and accurately determined from the face of the Expungement Order, a court record whose accuracy cannot reasonably be questioned.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings.");  *Corso v. City of New York*, No. 17 Civ. 6096 (NRB), 2018 WL 4538899, at *9 n.18 (S.D.N.Y. Sept. 20, 2018) (taking judicial notice of a

court record for, *inter alia,* its "legally operative effect"); Wright & Graham, § 5106.4 ("Judicial records are a source of 'reasonably indisputable accuracy' when they record some judicial action such as dismissing an action, granting a motion, or finding a fact.").

Accordingly, Bamdad respectfully requests that the Court take judicial notice of the expungement as set forth in the Expungement Order and consider it in connection with Bamdad's Lead Plaintiff motion.

Dated:  October 30, 2019

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:  */s/ Richard W. Gonnello*
      Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
      klenahan@faruqilaw.com
      smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Babak Bamdad and [Proposed] Lead Counsel for the putative Class*

3