**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually and On Behalf of All Others Similarly Situated, | No. 1:19-cv-07319-ER |
| Plaintiff, | Judge Edgardo Ramos |
| v. | CLASS ACTION |
| ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP, | ORAL ARGUMENT REQUESTED |
| Defendants. | |
| JOSEPH BARRY, Individually and on Behalf of All Others Similarly Situated, | No. 1:19-cv-09258-ER |
| Plaintiff, | |
| v. | |
| ABIOMED, INC.; MICHAEL R. MINOGUE; and TODD A. TRAPP, | |
| Defendants. | |

**LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND'S
RESPONSE TO BABAK BAMDAD'S REQUEST FOR JUDICIAL NOTICE**

Local 705 writes in response to Bamdad's request for judicial notice (ECF No. 38) of the recent expungement of Bamdad's criminal conviction for Medicaid fraud. *See* ECF No.39-1. This expungement order, dated October 22, 2019, fails to ameliorate ***any*** of the fatal adequacy concerns surrounding Bamdad. Indeed, the order does not indicate that Bamdad was innocent of the charge, or that the conduct underlying his arrest is deemed not to have occurred.

Courts, under remarkably similar circumstances, have found prior fraud convictions *per se* disqualifying notwithstanding subsequent expungement orders. In *Schleicher v. Wendt*, the court found a proposed representative inadequate due to a past criminal conviction for insurance fraud. No. 1:02-cv-1332-DFH-TAB, 2009 WL 761157, at *3 (S.D. Ind. Mar. 20, 2009), *aff'd*, 618 F.3d 679 (7th Cir. 2010). There, as here, "[t]he conviction was more than ten years ago and ha[d] been expunged from his record by the state courts." *Id.* Putting aside the expungement order, the court found the "criminal fraud conviction [] extremely troubling for someone who [sought] to serve as fiduciary for absent class members asserting they are the victims of a fraudulent scheme." *Id.* Further, the expungement "offer[ed] little comfort" to the court, as "[t]here [was] no indication [] that it was a matter of actual innocence." *Id.* In denying the motion on adequacy grounds, the court found it entirely inappropriate to "force class members to rely on a representative who had admitted to fraud." *Id.*[1]

Expunged or not, Bamdad's criminal history, at best, "threaten[s] to become the focus of the litigation," and would substantially jeopardize class certification. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 59 (2d Cir. 2000); *see also Hartsell v. Source Media*, No.

---

[1] *See also Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154 (NRB), 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005) (disqualifying proposed group as lead plaintiff whose member had been convicted of "providing false information to a financial institution"); *In re Proxima Corp. Sec. Litig.*, No. 93-1139-IEG(LSP), 1994 WL 374306, at *16–18 (S.D. Cal. May 3, 1994) (disqualifying class representative who admitted to fraud).

1

CIV.A.98-CV-1980-M, 2003 WL 21245989, at *3 (N.D. Tex. Mar. 31, 2003) (recognizing "that fiduciary duty to the class as a whole should compel recognition of a serious potential problem for the class, when a class representative, whose duties obviously require acting on behalf of absent persons, is convicted of a felony involving fraud").  It is no surprise, therefore, that Bamdad has failed to cite a single case to directly "support the remarkable suggestion" that an individual "convicted of criminal fraud would be a suitable class representative, especially in a [PSLRA] fraud case." *Schleicher*, 2009 WL 761157, at *3.

In short, Bamdad remains an inadequate class representative and his motion should be denied.

DATED:  October 31, 2019

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant*
*Local 705 International Brotherhood*
*of Teamsters Pension Fund, and*
*Proposed Lead Counsel for the Class*

2