**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KYLE VILLARE, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP,<br><br>Defendants. | No. 1:19-cv-07319-ER<br><br>**BABAK BAMDAD'S REPLY IN FURTHER SUPPORT OF HIS REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL** |

Babak Bamdad ("Bamdad") respectfully submits this reply in further support of his request for judicial notice pursuant to Federal Rule of Evidence 201 (ECF No. 38) ("Request for Judicial Notice" or "RJN").[1]

Although framed as a response to Bamdad's RJN, Local 705's responsive brief makes no argument that specifically opposes judicial notice of the Expungement. *See* ECF No. 40 ("RJN Opp."). To the extent, however, that Local 705's response is construed as attacking the Expungement's relevancy to this litigation, Local 705's argument fails. "Relevance under the [Federal Rules of Evidence] is a low threshold, easily satisfied." *U.S. v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019). Relevance is plainly established here. Of the two cases that the parties cite which actually involved an expunged conviction, one found the expungement to be highly relevant to adequacy. *See* RJN at 2 (citing *Scuderi v. Mammoth Energy Services, Inc.*, No. Civ.-19-522-SLP, 2019 WL 4397340, at *4 & 4 n.7 (W.D. Okla. Sept. 13, 2019) (finding that the expungement of a class representative's prior felony conviction under New Jersey law rendered the conviction irrelevant in determining his adequacy in a securities fraud case)).

The remaining case, *Schleicher v. Wendt*, which was cited by Local 705, came to a different conclusion regarding the import of the expungement on the plaintiff's adequacy but does not compel a different result here. No. 1:02-cv-1332-DFH-TAB, 2009 WL 761157 (S.D. Ind. Mar. 20, 2009), *aff'd on other grounds*, 618 F.3d 679 (7th Cir. 2010). For one thing, it was decided in 2009, predating *Scuderi* by about 10 years. *Id.* Since then, "there has been a flurry of

---

[1]    Unless otherwise noted, this brief uses the following conventions: (1) all emphases are added; (2) all internal citations and quotations are omitted; (3) all references to "Local 705" refer to Lead Plaintiff movant Local 705 International Brotherhood of Teamsters Pension Fund; and (4) all references to "Expungement" refer to the expungement set forth in the Order Granting Expungement that is detailed in the RJN (*see* RJN at 1; ECF No. 39-1).

1

activity regarding expungement and criminal record reform at the state level." Brian M. Murray, *A New Era for Expungement Law Reform? Recent Developments at the State and Federal Levels*, 10 Harv. L. & Pol'y Rev. 361, 369 (2016) ("Between 2009 and 2014, over sixty percent of states attempted to broaden their expungement laws.").[2] Additionally, there is no indication that *Schleicher* involved an expungement under New Jersey law, which provides that upon expungement, "the arrest, conviction and any proceedings related thereto **shall be deemed not to have occurred**[,]" and with certain limited exceptions, "the petitioner may answer any questions relating to their occurrence accordingly[.]" N.J. Stat. Ann. § 2C:52-27.

The remaining cases that Local 705 cites have nothing to do with expungement and are clearly cited as part of a belated, improper attempt by Local 705 to further support arguments it made in its Lead Plaintiff motion. At best, the new cases cited suggest that a class representative might not be adequate if **recently** convicted of a crime. *See Harstell v. Source Media, et al.*, No. Civ.A.98-CV-1980-M, 2003 WL 21245989, at *4-6 (N.D. Tex. Mar. 31, 2003) (removing class representative as inadequate where he was sentenced to 46 months in prison for conspiracy to commit mail fraud **while the class case was ongoing** and the proposed class representative failed to inform his counsel about it); *In re Proxima Corp. Sec. Litig.*, No. 93-1139-IEG(LSP), 1994 WL 374306, at *16-18 (S.D. Cal. May 3, 1994) (class representative's wrongdoing involved breach of fiduciary duties and seemed to be quite recent, as the stipulated judgment relating to

---

[2] While it is unclear what laws governed the potential class representative's expungement in *Schleicher*, it is notable that the state in which the *Schleicher* court sat, Indiana, was behind many other states at the time on expungement law reform. *See* Joseph C. Dugan, *I Did My Time: The Transformation of Indiana's Expungement Law*, 90 Ind. L.J. 1321, 1321 (2015) (explaining that before Indiana's new expungement law was enacted in summer 2013, "Indiana's criminal records scheme was unforgiving[]").

that wrongdoing was from the prior year).[3]

By contrast, Bamdad's expunged conviction "occurred" nearly ten years ago, is unrelated to this case and the issues therein, and would not render him inadequate even without the Expungement.  *See* ECF No. 36 at 5-10 (citing, *inter alia*, *In re Intuniv Antitrust Litig.*, No. 1:16-cv-12653-ADB, 2019 WL 4645502, at *8-9 (D. Mass. Sept. 24, 2019) (class representative adequate even though it had recently entered into a deferred prosecution agreement of felony charges, which included conspiracy to distribute controlled narcotics (specifically opioids) for nonmedical reasons, **conspiracy to defraud** the U.S., and failing to file suspicious order reports[4]); *Wood v. Capital One Auto Finance, Inc.*, No. 06-CV-7, 2006 WL 6627680, at *3-4 (E.D. Wis. Sept. 19, 2006) (past unrelated felony conviction for dishonesty did not render class representative inadequate); *In re Red Hat, Inc. Sec. Litig.*, 261 F.R.D. 83, 88-89 (E.D.N.C. 2009) (repeated and willful omission of information required to be disclosed under the Gun Control Act did not render class representative inadequate).  That said, the fact that Bamdad received the Expungement should put any doubts the Court may have had about Bamdad's adequacy to rest. Indeed, by meeting the requirements of New Jersey's expungement law, the state in which Bamdad was convicted, New Jersey, has deemed him to be reformed and deserving of a second chance.  *See* N.J. Stat. Ann. § 2C:52-32 (explaining that expungement's primary objective is to

---

[3]    Local 705's citation to *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, is also inapposite.  222 F.3 52, 59-60 (2d Cir. 2000) (finding district court did not abuse its discretion in denying a motion to intervene as class representative by "a sophisticated broker who had access to more information than other investors in the putative class" and finding that her trading pattern and investment strategy in the securities at issue made her atypical and inadequate).

[4]    These charges are explained in the New York Times article that the *Intuniv* court cites in its analysis of the class representative's adequacy.  *See Intuniv*, 2019 WL 4645502 at *8 (citing William K. Rashbaum, *For First Time, Pharmaceutical Distributor Faces Federal Criminal Charges Over Opioid Crisis*, The New York Times (Apr. 23, 2019), https://www.nytimes.com/2019/04/23/nyregion/opioid-crisis-drug-trafficking-rochester.html.).

3

provide relief "to the ***reformed offender who has led a life of rectitude and dissociated himself with unlawful activity***[.]").  Under these circumstances, it would be unfair and contrary to public policy for the Court to consider Bamdad's prior conviction in determining his adequacy.  *Cf. Matter of Farmland Dairies v. Barber*, 65 N.Y.2d 51, 53 (1985) (refusing to consider a New Jersey conviction that provided that it could not be "evidential in any civil proceeding" in a New York licensing proceeding).

Furthermore, Local 705's concern that Bamdad could somehow harm the class through some unspecified fraud is rank speculation that disparages not only Bamdad, but his current counsel and defense counsel.  After all, the cooperation of both parties' counsel would be required for a class representative to defraud the class for his own gain, presumably by engaging in some sort of grand conspiracy that presumably involves purposely "throwing" the litigation in exchange for some kind of secret payment from the defendants.  Speculation, however, is insufficient to rebut the presumptive lead plaintiff's adequacy.  *See, e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut the presumption); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) (rejecting "alleged conflicts" as "nothing more than speculation" and therefore insufficient to rebut the PSLRA's presumption); *Fishbury Ltd. v. Connetics Corp.*, No. 06 Civ. 11496(SWK), 2006 WL 3711566, at *4 (S.D.N.Y. Dec. 14, 2006) (finding "mere speculation" insufficient to rebut PSLRA's presumption); *Murphy v. JBS S.A.*, No. 17-CV-3084, 2017 WL 4480751, at *7 (E.D.N.Y. Oct. 6, 2017) ("[M]ere speculation and innuendo" regarding tax havens and investments "are insufficient to rebut the [most adequate plaintiff] presumption.").

For the foregoing reasons and those set forth in the RJN, Bamdad respectfully requests that the Court take judicial notice of the Expungement in connection with granting his motion for

4

Lead Plaintiff.

Dated:  November 5, 2019

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:  */s/ Richard W. Gonnello*
        Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com
        smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Babak Bamdad and [Proposed] Lead Counsel for the putative Class*

5