**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP,<br><br>Defendants. | No. 1:19-cv-07319-ER<br><br>**BABAK BAMDAD'S JUDICIAL NOTICE REQUEST IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF** |

No. 1:19-cv-09258-ER

JOSEPH BARRY, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP,

Defendants.

Pursuant to Federal Rule of Evidence ("FRE") 201, Babak Bamdad ("Bamdad") respectfully submits this judicial notice request in further support of his motion seeking appointment as Lead Plaintiff for the above-captioned securities class actions ("Actions").[1] *See* ECF Nos. 20-23, 32, 36.

Pending before the Court are two motions by class members, each of whom seeks appointment as Lead Plaintiff in the Actions. The first motion was filed on behalf of Bamdad by his proposed Lead Counsel Faruqi & Faruqi, LLP. The second was filed on behalf of Local 705 International Brotherhood of Teamsters Pension Fund ("Local 705") by its proposed Lead Counsel Labaton Sucharow LLP ("Labaton").

During the course of briefing the motions, Local 705 and Labaton repeatedly represented to this Court that, under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 23(a)(4), Bamdad is inadequate to serve as Lead Plaintiff because ten years ago he pleaded guilty to a third-degree charge of Medicare fraud under New Jersey state law. ECF Nos. 32, 34, 40. Local 705 and Labaton further represented that Bamdad is inadequate even though the State of New Jersey recently expunged Bamdad's conviction. *See* ECF No. 40.

This past week, however, in *Cohen v. Luckin Coffee, et al.*, No. 1:20-cv-01293-LJL (S.D.N.Y.) ("*Luckin Coffee*"), Labaton represented to United States District Judge Lewis J. Liman that its client, Interactive Digital Finance Limited ("Interactive Digital"), was adequate to represent the class in that securities class action despite the fact that ***the person who signed the company's PSLRA certification—and was to oversee the litigation—previously pleaded guilty***

---

[1]    Unless otherwise noted, this brief uses the following conventions: (1) all emphases are added; (2) all internal citations and quotations are omitted; and (3) "Exhibit" references are to the exhibits attached to the Declaration of Richard W. Gonnello filed concurrently herewith.

*to securities fraud*.  *See* Ex. A, at 1-5, 11 (*Luckin Coffee*, ECF No. 107).  Bamdad respectfully requests that the Court take judicial notice of the representations Labaton made in the *Luckin Coffee* action concerning the adequacy of Interactive Digital to serve as a lead plaintiff.  *See* Ex. A at 1-5, 11.

Under FRE 201(a)-(c), the Court is required to take judicial notice of an adjudicative fact that can be accurately and readily determined from a source whose accuracy cannot reasonably be questioned provided that a party requests it and supplies the court with the necessary information.  Adjudicative facts are those that are relevant to the issues before the Court.  Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Practice & Procedure: Evidence* ("Wright & Graham") § 5103.3 n.64 (2d ed. Supp. 2019).  Relevance, of course, "is a low threshold, easily satisfied."  *U.S. v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019).

Labaton's contemporaneous representations to another court in this District that a prior fraud conviction is not an impediment to serving as a lead plaintiff, *see* Ex. A at 1-5, 11, are highly relevant to the adequacy of Bambad, Local 705, and Labaton to lead this case.  As an initial matter, Labaton's representations are ***highly relevant*** to determining Bambad's adequacy.  Likewise, they are relevant to determining the adequacy of Local 705 and Labaton given that the representations undercut their integrity and betray the disingenuousness of their attacks on Bamdad.  *See Culver v. City of Milwaukee,* 277 F.3d 908, 913 (7th Cir. 2002) ("For purposes of determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative."); *Chana Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010) ("[I]n considering whether the proposed class counsels are adequate, the Court may consider the honesty and integrity of the putative class counsel[.]"); *Reliable Money Order, Inc. v. McKnight*

*Sales Co.*, 704 F.3d 489, 498 (7th Cir 2013) ("[W]hen class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class").

Local 705 and Labaton repeatedly and cavalierly attacked Bamdad.  *See* ECF Nos. 32, 34.  Even after Bamdad informed the Court of the recent expungement deeming his conviction "***in contemplation of law, not to have occurred***," ECF No. 38 at 2, Local 705 and Labaton continued attacking Bamdad despite his successful efforts to make amends and reclaim his position in society.  *See* ECF No. 40.  Yet Labaton now represents to Judge Liman that Interactive Digital is adequate to serve as a lead plaintiff even though its director Mr. Kian—who signed Interactive Digital's lead plaintiff's certification—***pleaded guilty to securities fraud***.  *See* Ex. A at 1-5; *Luckin Coffee*, ECF No. 71-1 at 6.  Labaton's representations to Judge Liman lay bare the dishonesty underlying the attacks against Bamdad and underscore Local 705 and Labaton's inadequacy to lead the instant Actions.  *Accord Polar Intern. Brokerage Corp. v. Reeve*, 196 F.R.D. 13, 18-19 (S.D.N.Y. 2000) (finding that counsel's taking of contradictory positions regarding a tender offer violated counsel's fiduciary duty to "issue those statements in good faith and with the greatest care").

For example, Labaton represented to this Court that Bamdad's expunged conviction is "***per se disqualifying***."  ECF Nos. 32 at 6, 40 at 1; *see also* ECF No. 34 at 1.  But to Judge Liman, Labaton characterizes Mr. Kian's securities fraud conviction as a mere "***misstep***," and that disqualifying a lead plaintiff candidate based on that fact would be "***unprecedented***."  Ex. A at 2.  Labaton further represented to this Court that it is a "***remarkable suggestion***" that an "***individual convicted of criminal fraud would be a suitable class representative, especially in a [PSLRA] fraud case***,"  ECF No. 40 at 1-2, and that "***numerous courts have rejected the***

3

*appointment of convicted felons as class representatives*," ECF No. 32 at 3. But to Judge Liman, Labaton admits that "*[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct*." Ex. A at 3 (citing William B. Rubenstein, *Newberg on Class Actions* §3.68 (5th ed. 2019)). Moreover, Labaton represented to this Court that Bamdad's expunged conviction, "*threaten[ed] to become the focus of the litigation, and would substantially jeopardize class certification*." ECF No. 40 at 1. By contrast, Labaton represents to Judge Liman that "*case law strongly establishes that challenges to adequacy fail where they are based on old misconduct*." Ex. A at 3. It "*strains credulity*," ECF No. 34 at 2, however, for Labaton to suggest that Bamdad's expunged conviction bars him from serving as Lead Plaintiff for the Actions while simultaneously representing to Judge Liman that the adequacy attacks in the *Luckin Coffee* action based on Mr. Kian's securities fraud conviction—which was never expunged—are "*frivolous*," "*baseless*," and nothing more than "*smear attacks*," Ex. A at 5.

Labaton's representations in *Luckin Coffee* conclusively establish that Local 705's contentions about Bamdad's ability to oversee this litigation are nothing more than "frivolous," "baseless" "smear attacks" which were made in bad faith in order to secure Local 705 the Lead Plaintiff position and Labaton the Lead Counsel slot. *See Gutman v. Sillerman*, 15 Civ. 7192 (CM), 2015 U.S. Dist. LEXIS 179553, at *10 (S.D.N.Y. Dec. 8, 2015) (rejecting as inadequate lead plaintiff movant and counsel who engaged in "chicanery").

Moreover, when coupled with Labaton and Local 705's reliance on the implausible (if not frivolous) expanded class period asserted in the last-minute complaint filed in *Barry v. Abiomed, Inc.*, No. 1:19-cv-09258-ER (S.D.N.Y.), *see* ECF No. 31 at 3-4, 8-14, Labaton's disingenuous attacks on Bamdad's adequacy reek of improper lawyer-first gamesmanship.

4

For the foregoing reasons, Bamdad respectfully requests that the Court take judicial notice of Labaton's representations to Judge Liman concerning the adequacy of Interactive Digital to serve as a lead plaintiff, as highlighted on pages 1 to 5 of Exhibit A, so that they may be considered in connection with the pending Lead Plaintiff motions in the instant Actions.

Dated: May 22, 2020

Respectfully submitted,

By: */s/ Richard W. Gonnello*
     Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
       klenahan@faruqilaw.com
       smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Babak Bamdad and [Proposed] Lead Counsel for the putative Class*

5