**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP,<br><br>Defendants. | No. 1:19-cv-07319-ER<br><br>Judge Edgardo Ramos<br><br><u>CLASS ACTION</u><br><br><br><u>ORAL ARGUMENT REQUESTED</u> |
| JOSEPH BARRY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABIOMED, INC.; MICHAEL R. MINOGUE; and TODD A. TRAPP,<br><br>Defendants. | No. 1:19-cv-09258-ER |

**RESPONSE TO REQUEST FOR JUDICIAL NOTICE BY LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND**

i

Under the guise of a request for judicial notice pursuant to Federal Rule of Evidence ("FRE") 201, counsel for Babak Bamdad ("Bamdad") improperly asks this Court to hold that a brief submitted by counsel for Local 705 in **unrelated** litigation involving **none** of the same parties somehow undermines Local 705's integrity and ability to act as Lead Plaintiff in the present matter. ECF No. 42 at 2. This preposterous attack, undoubtedly motivated by Bamdad's counsel's desire to rebut the statutory presumption that Local 705 should be appointed Lead Plaintiff, asks this Court to effectively endorse some non-existent form of collateral estoppel that would forever chill advocacy by forcing counsel to permanently adopt unqualified legal positions regardless of the underlying facts. The meritless "request" *qua* improper sur-reply must be denied or stricken.

**First**, the Court should deny Bamdad's request as it is an improper attempt under FRE 201 to submit both argument and supplemental authority after the close of briefing in the present matter. FRE 201 allows courts to take notice of "adjudicative facts" that are (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See, e.g.*, *Golden W. Holdings, LLC v. BBT Holdings, LLC*, No. 1:10-cv-337-CWD, 2010 WL 4853301, at *11 (D. Idaho Nov. 22, 2010) ("To the extent that [Bamdad's] motion presents additional argument and supplemental authority, Rule 201 does not provide authority for the Court to consider the arguments and case law presented."). Here, Labaton Sucharow's reply brief submitted in the unrelated matter on behalf of a different client is not an "adjudicative fact" because it has no bearing on "the immediate parties-who did what, where, when, how and with what motive or intent . . . ." Advisory Committee Notes to Fed. R. Evid. 201(a). Bamdad's request plainly falls short of FRE 201's standard.

1

*Second*, Bamdad uses his "request" *qua* improper sur-reply to argue that Labaton Sucharow has deceptively applied the law to the qualifications of Bamdad to serve as Lead Plaintiff in the present matter.  Not so.  Bamdad, a pharmacist with little public history, pled guilty and served time in prison less than 10 years ago for selling opioids and defrauding Medicaid.  Bamdad's license to practice was not fully reinstated until February 2018.  ECF No. 34 at 2.  In contrast, Labaton Sucharow's client in the unrelated matter has a transparent and extensive history as a trusted fiduciary that has been comprehensively vetted by the financial press – facts that Labaton Sucharow took considerable effort to enter into the record in the unrelated action, unlike Bamdad in this matter.  Moreover, the plea in the unrelated action to which Bamdad seeks to draw an inappropriate apples-to-apples comparison is *two decades old*, which SEC guidance suggests makes it irrelevant to the PSLRA lead plaintiff adequacy inquiry. *See U.S. Bank Nat'l Ass'n v. Eel River Inv. Co.*, No. 04-5623 RBL, 2009 WL 1247037, at *37 (W.D. Wash. May 5, 2009), *aff'd*, 448 F. App'x 649 (9th Cir. 2011) (finding ten year disclosure rule "widely used by professionals as a disclosure guideline" and "respected by many courts as representing the experienced and mature judgment by the SEC . . . as to materiality of background information of management, [and is] entitled to considerable weight.").

*Third*, Bamdad *continues* to misrepresent his employment history on his public website or is concealing the fact that he worked without the relevant pharmacy licenses, which Local 705 respectfully submits directly undermines Bamdad's ability to faithfully act as a fiduciary in this litigation.  ECF No. 34 at 2-3.  In contrast, Local 705's counsel's brief in the unrelated matter advocates for a sophisticated and experienced business professional with a fully transparent public record to serve as Lead Plaintiff.  There is simply no comparison.

***Last***, there is nothing unethical or duplicitous about counsel adopting a different position on the application of law to different facts across two unrelated litigations. *See* Ann. Mod. Rules Prof. Cond. § 1.7 ("Ordinarily a lawyer may take inconsistent legal positions in different tribunals at different times on behalf of different clients."). It "is not unethical - it's good advocacy." *Mortimer v. Diplomat Pharm. Inc.*, No. 19 C 1735, 2019 WL 4934602, at *4 (N.D. Ill. Oct. 7, 2019). "[Labaton Sucharow], when representing different parties in different litigation, is not bound to always take the same position on a question." *Id.*

In sum, Bamdad's opaque history, lack of experience as a fiduciary, recent prison time, and license suspension render the facts of the present action completely inapposite to the facts of the unrelated action. Bamdad's baseless attack on Local 705 and its counsel's adequacy must be summarily rejected.

DATED:  May 26, 2019

Respectfully submitted,

*/s/ Francis P. McConville*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant*
*Local 705 International Brotherhood*
*of Teamsters Pension Fund, and*
*Proposed Lead Counsel for the Class*

3