**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KYLE VILLARE, Individually, and On Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br>    v. <br><br> ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP, <br><br>        Defendants. | No. 1:19-cv-07319-ER <br><br> **BABAK BAMDAD'S REPLY IN FURTHER SUPPORT OF HIS JUDICIAL NOTICE REQUEST** |
| JOSEPH BARRY, Individually, and on Behalf of All Others Similarly Situated, <br><br>        Plaintiff, <br><br>    v. <br><br> ABIOMED, INC., MICHAEL R. MINOGUE, and TODD A. TRAPP, <br><br>        Defendants. | No. 1:19-cv-09258-ER |

Babak Bamdad ("Bamdad") respectfully submits this reply in further support of his request to judicially notice the representations that Labaton Sucharow LLP ("Labaton") made in the action captioned *Cohen v. Luckin Coffee, et al.*, No. 1:20-cv-01293-LJL (S.D.N.Y.) ("*Luckin Coffee*") concerning the adequacy of Interactive Digital Finance Limited ("Interactive Digital") to serve as a lead plaintiff.[1]  *See* ECF No. 42.

As an initial matter, Bamdad's request is procedurally proper.  Not only may the Court "take judicial notice **at any stage of the proceeding**," the Court is **required to do so** when "a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2)&(d).  Bamdad frames his request purely in terms of Rule 201's requirements for judicial notice of adjudicative facts, in this instance the representations Labaton made to a different judge in this District in a contemporaneous lead plaintiff battle.  *See* ECF No. 42 at 1-4. Hence Local 705's citation to *Golden W. Holdings, LLC v. BBT Holdings, LLC*, No. 1:10-cv-337-CWD, 2010 WL 4853301, at \*11 (D. Idaho Nov. 22, 2010) is distinguishable because the movant in that case requested judicial notice of "additional authorities," primarily a memorandum decision and order in another action, *id.* at \*1.[2]  As is clear from the record, Bamdad's request is not akin to a notice of supplemental authorities.

Next, Local 705 asserts that Labaton's representations in *Luckin Coffee* are irrelevant. Not so.  Labaton's simultaneous inconsistent representations of the law to different judges in this

---

[1]    Unless otherwise noted, this brief uses the following conventions: (1) all emphases are added; (2) all internal citations and quotations are omitted; and (3) all ECF references are to the case captioned *Villare v. Abiomed, Inc.*, No. 1:19-cv-07319-ER (S.D.N.Y.).

[2]    Local 705 spends much of its time rehashing its attacks against Bamdad rather than addressing the test for judicial notice under Fed. R. Evid. 201.  These arguments should be disregarded as an improper sur-reply.  Similarly, Local 705's factual representations regarding Interactive Digital and Mr. Kian should be disregarded as there is no evidence in the record of such facts, and they are therefore nothing more than inadmissible attorney hearsay.  ECF No. 44 at 2; *In re Asia Global Crossing Ltd.*, 326 B.R. 240, 255 (Bankr. S.D.N.Y. 2005) (argument not based on admissible evidence was attorney hearsay and thus "without significance").

District are highly relevant because they have a "bearing on the immediate parties" given that Labaton and Local 705's adequacy under Fed. R. Civ. P. 23 are inseparable.  *See Culver v. City of Milwaukee,* 277 F.3d 908, 913 (7th Cir. 2002) ("For purposes of determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative.").  Indeed, Local 705 asserted that "a movant's adequacy is based on[,]" *inter alia*, "the qualifications of proposed class counsel."  ECF No. 14 at 11.

As for the representations themselves, Local 705 asserts that Labaton's inconsistent representations in *Luckin Coffee* are simply "good advocacy."  This argument ignores the fact that Labaton's advocacy needed to comport with counsel's duty of candor to the Court.  "Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal.  A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities."  Mod. R. Prof'l Conduct § 3.3, Comment 4.  Accordingly, Labaton's representations in *Luckin Coffee* are relevant to Labaton's and Local 705's adequacy because they show that Labaton breached its duty of candor by falsely representing that Bamdad's expunged conviction makes him "***per se***" inadequate, ECF No. 40 at 1, while ***simultaneously*** representing to Judge Liman that "***[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct***."  *See* ECF No. 42 at 2-3; Mod. R. Prof'l Conduct § 3.3(a)(1) ("A lawyer shall not knowingly: (1) make a false statement of fact or ***law*** to a tribunal or fail to correct a false statement of material fact or ***law*** previously made to the tribunal by the lawyer[.]").  Given that Labaton made these conflicting representations of law in ***simultaneously pending*** matters in this District, Labaton's reliance on Ann. Mod. Rules Prof. Cond. § 1.7—

which discusses taking inconsistent positions "*at different times*"—unwarranted.  Furthermore, Mod. R. Prof'l Conduct § 1.7, Comment 24, which is cited by Local 705, is about an attorney's duty *to his client* not to engage in a representation that conflicts with that of another client.  Mod. R. Prof'l Conduct § 3.3, by contrast, is about that same attorney's duty of candor *to the Court*— the relevant issue here.  In any event, the fact that Labaton made these inconsistent representations while representing different clients did not grant Labaton *carte blanche* to knowingly misrepresent the law.  Local 705's authorities are therefore unavailing.  *Cf. Mortimer v. Diplomat Pharm. Inc.*, No. 19 C 1735, 2019 WL 4934602, at *4 (N.D. Ill. Oct. 7, 2019) (although counsel "emphasiz[ed] a different set of facts" in arguing how the limited fund doctrine should be applied in two different cases, counsel never misrepresent the law itself).

For the foregoing reasons, Bamdad respectfully requests that the Court take judicial notice of Labaton's representations in *Luckin Coffee* about the adequacy of Interactive Digital to serve as a lead plaintiff, as highlighted on pages 1 to 5 of Exhibit A to the Declaration of Richard W. Gonnello which was previously submitted on May 22, 2020, ECF No. 43-1, so that these representations may be considered with the pending Lead Plaintiff motions in the above-captioned actions.

Dated: June 2, 2020                             Respectfully submitted,

                                                By: */s/ Richard W. Gonnello*
                                                        Richard W. Gonnello

                                                Richard W. Gonnello
                                                Katherine M. Lenahan
                                                Sherief Morsy
                                                **FARUQI & FARUQI, LLP**
                                                685 Third Avenue, 26th Floor
                                                New York, NY 10017
                                                Telephone: 212-983-9330

Facsimile: 212-983-9331
Email: rgonnello@faruqilaw.com
  klenahan@faruqilaw.com
  smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Babak Bamdad and [Proposed] Lead Counsel for the putative Class*

4